U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 3 1 2006

DAVID J MALAND, CLERK
BY_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### (MARSHALL DIVISION)

|  |  |
|---|---|
| DDR HOLDINGS, LLC,<br>Plaintiff,<br><br>vs.<br><br>HOTELS.COM, L.P.; EXPEDIA, INC.;<br>TRAVELOCITY.COM, L.P.; SITE59.COM,<br>LLC; CENDANT CORPORATION;<br>INTERNATIONAL CRUISE & EXCURSION<br>GALLERY, INC.; OURVACATIONSTORE,<br>INC.; NATIONAL LEISURE GROUP, INC.;<br>DIGITAL RIVER, INC.,<br>Defendants. | Civil Action No. 2-06 C V -42<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>JURY |

DDR Holdings, LLC ("DDR") alleges:

1.      DDR is a Georgia limited liability company with its principal place of business in Dunwoody, Georgia. DDR is in the business of developing, managing, and licensing intellectual property for syndicated e-commerce, including related patents and other intellectual property.

2.      DDR owns all right, title, and interest in U.S. Patent 6,629,135, issued September 30, 2003, and U.S. Patent 6,993,572, issued January 31, 2006, including the right to sue for any patent infringement.

3.      Daniel D. Ross is the managing director of DDR and a co-inventor of the patents-in-suit here.

4.      In the late 1990s, Mr. Ross founded a company called Nexchange Corporation to commercialize inventions in the patents (then an application). By 2000, Nexchange had arranged a network of content websites that reached over half of all U.S. Internet users and over forty brand-name merchants offered goods or services over the Nexchange network. However, Nexchange began winding down its services in late 2000, and DDR reacquired the rights to the patent properties.

5.       About a year after the '135 Patent issued, specifically in or about November 2004, DDR notified each defendant or its agents of its intent to enforce that patent and requested that the defendant analyze the patent, file history, and references (which were enclosed), with the goal of negotiating a license agreement between the defendant and DDR. The notice letter further advised the defendants of the existence of a pending continuation application. The continuation was, at all times since then, available to defendants and to the public on the Patent Office's website. The continuation application issued today as the '572 Patent.

6.       HOTELS.COM, L.P. is a Texas limited partnership headquartered in Dallas, Texas. HOTELS.COM owns and operates a website known as "IAN.com." That website is available to Internet users in the State of Texas and in this district. Upon information and belief, through that website, HOTELS.COM has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of that website, HOTELS.COM infringes claims of the two patents-in-suit.

7.       For example, HOTELS.COM makes publicly accessible, over the Internet, from its "travel.ian.com" subdomain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Hotelocity.com, including through matching identifying banners, active links to other web pages, and color scheme. Those ian.com web pages contain product categories correlated to links found on the Hotelocity.com web page. Through those ian.com web pages, HOTELS.COM practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms through Hotelocity.com. HOTELS.COM infringes the patents-in-suit, or has infringed the '135 Patent in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well, both through ian.com and a different site also operated by HOTELS.COM, called "travelnow.com."

8.       HOTELS.COM offers a so-called "co-branded" site, which, it advises its clients, "allows ... retaining the look and feel of your own site" while using ian.com and

1  "private labeling," which it tells clients "creates a seamless transition from your site to the
2  Interactive Affiliate Network booking engine. Most visitors will not realize they have left
3  your site."

4      9.    EXPEDIA, INC. is a Washington corporation headquartered in Bellevue,
5  Washington.  Upon information and belief, EXPEDIA identifies HOTELS.COM as its
6  wholly owned subsidiary, and as such, EXPEDIA actively manages and directs the affairs
7  of HOTELS.COM sufficient to be jointly responsible for HOTELS.COM's patent
8  infringement.  In addition, EXPEDIA owns and operates other websites, known as
9  "WWTE.com" and "WWTE1.com" (and other sites with different appended numbers after
10  "wwte").  Those websites are available to Internet users in the State of Texas and in this
11  district.  Upon information and belief, through those websites, EXPEDIA has provided
12  services to clients in this district and facilitated the sales of its clients' goods and services
13  to a large number of residents of this district.  In connection with operation of those
14  websites, EXPEDIA infringes claims of the two patents-in-suit.

15     10.   For example, EXPEDIA makes publicly accessible, over the Internet, from its
16  "wwte1.com" domain, certain web pages having a look and feel corresponding to the
17  appearance of web pages of its client, United Air Lines, Inc., including through matching
18  identifying banners, active links to other web pages, pull-down menus, and color scheme.
19  Those wwte1.com web pages contain product categories correlated to links found on the
20  United web page.  Through those wwte1.com web pages, EXPEDIA practices the methods
21  and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms
22  through United.  EXPEDIA infringes the patents-in-suit, or has infringed the '135 Patent
23  in the past, in connection with web pages corresponding to the appearance of web pages
24  of other clients as well.

25     11.   TRAVELOCITY.COM, L.P. is a Delaware partnership headquartered in
26  Southlake, Texas.  TRAVELOCITY owns and operates a popular website known as
27  "travelocity.com."  That website is available to Internet users in the State of Texas and in
28  this district.  Upon information and belief, through that website, TRAVELOCITY has

1  provided services to clients in this district and facilitated the sales of its clients' goods and
2  services to a large number of residents of this district. In connection with operation of that
3  website, TRAVELOCITY infringes claims of the two patents-in-suit.

4      12.    For example, TRAVELOCITY makes publicly accessible, over the Internet,
5  from its "travel.travelocity.com" subdomain, certain web pages having a look and feel
6  corresponding to the appearance of web pages of its client, Yahoo Travel, including
7  through matching identifying logos, active links to other web pages, colors, and page
8  layout. Those travel.travelocity.com web pages contain product categories correlated to
9  links found on the Yahoo Travel web page. Through those travel.travelocity.com web
10 pages, TRAVELOCITY practices the methods and processes of the patents-in-suit in the
11 course of enabling a visitor to book hotel rooms through Yahoo Travel. TRAVELOCITY
12 infringes the patents-in-suit, or has infringed the '135 Patent in the past, in connection with
13 web pages corresponding to the appearance of web pages of other clients as well.

14     13.    SITE59.COM, LLC is a Delaware corporation headquartered in New York
15 City. SITE59 owns and operates a website known as "lmdeals.com." That website is
16 available to Internet users in the State of Texas and in this district. Upon information and
17 belief, through that website, SITE59 has provided services to clients in this district and
18 facilitated the sales of its clients' goods and services to a large number of residents of this
19 district. In connection with operation of that website, SITE59 infringes claims of the two
20 patents-in-suit. Upon information and belief, TRAVELOCITY.COM is the sole stockholder
21 of SITE59 and as such actively manages and directs the affairs of SITE59 sufficient to be
22 jointly responsible for SITE59's patent infringement.

23     14.    For example, SITE59 makes publicly accessible, over the Internet, from its
24 "deltavacations.lmdeals.com" subdomain, certain web pages having a look and feel
25 corresponding to the appearance of web pages of its client, Delta Vacations, including
26 through matching identifying banners, active links to other web pages, and color scheme.
27 Those deltavacations.lmdeals.com web pages contain product categories correlated to links
28 found on the Delta Vacations web page. Through those deltavacations.lmdeals.com web

1   pages, SITE59 practices the methods and processes of the patents-in-suit in the course of
2   enabling a visitor to book vacation packages through Delta Vacations. SITE59 infringes the
3   patents-in-suit, or has infringed the '135 Patent in the past, in connection with web pages
4   corresponding to the appearance of web pages of other clients as well.

5          15.    CENDANT CORPORATION is a Delaware corporation headquartered in
6   New York City. Operating through a division known as Lodging.com, CENDANT owns
7   and operates a website also known as "lodging.com." That website is available to Internet
8   users in the State of Texas and in this district. Upon information and belief, through that
9   website, CENDANT has provided services to clients in this district and facilitated the sales
10  of its clients' goods and services to a large number of residents of this district.    In
11  connection with operation of that website, CENDANT infringes claims of the two patents-
12  in-suit.

13         16.    For example, CENDANT makes publicly accessible, over the Internet, from
14  its "reservations.lodging.com" subdomain, certain web pages having a look and feel
15  corresponding to the appearance of web pages of its client, Cheap Hotels Discount
16  Reservations, including through matching identifying banners, active links to other web
17  pages, and color scheme.  Those reservations.lodging.com web pages contain products
18  correlated to links found on the Cheap-Hotels-Discount-Reservations.com web page.
19  Through those reservations.lodging.com web pages, CENDANT practices the methods and
20  processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms
21  through Cheap Hotels Discount Reservations. CENDANT infringes the patents-in-suit, or
22  has infringed the '135 Patent in the past, in connection with web pages corresponding to
23  the appearance of web pages of other clients as well.

24         17.    INTERNATIONAL CRUISE & EXCURSION GALLERY, INC. ("ICE") and
25  OURVACATIONSTORE, INC. ("OVS") are both Delaware corporations headquartered in
26  Phoenix, Arizona. Upon information and belief, OVS is a subsidiary of, or under common
27  control with, ICE. Those two defendants ("ICE/OVS") operate in a coordinated fashion,
28  to own and operate website known as "ourvacationstore.com" and "cruiserci.com." Those

1  websites are available to Internet users in the State of Texas and in this district. Upon
2  information and belief, through those websites, ICE/OVS have provided services to clients
3  in this district and facilitated the sales of its clients' goods and services to a large number
4  of residents of this district. In connection with operation of those websites, ICE/OVS
5  infringe claims of the two patents-in-suit.

6      18.    For example, ICE/OVS make publicly accessible, over the Internet, from the
7  "cruiserci.com" domain owned by ICE, certain web pages having a look and feel
8  corresponding to the appearance of web pages of its client, Resort Condominiums
9  International, LLC. ("RCI"), which is a subsidiary of defendant CENDANT, including
10 through matching identifying logo, active links to other web pages, page layout, and color
11 scheme. Those cruiserci.com web pages contain product categories correlated to links
12 found on the RCI web page. Internet visitors to the RCI web pages can reach the
13 cruiserci.com domain by clicking on a link that loads a page at ourvacationstore.com,
14 owned by OVS, which automatically refers the visitors' browser to cause it to display
15 cruiserci.com. Through those web pages, ICE/OVS practice the methods and processes of
16 the patents-in-suit in the course of enabling a visitor to book cruises through RCI and have
17 conspired with each other to infringe the patents-in-suit.

18     19.    For another example, publicly accessible over the Internet, is an
19 "americanexpresscruise.com" domain that, upon information and belief, is operated and
20 controlled by OVS, which contains certain web pages having a look and feel corresponding
21 to the appearance of travel-related web pages of OVS's client, American Express Company
22 ("AmEx"), including through matching identifying banner, active links to other web pages,
23 mouse-over effects, page layout, and color scheme. Those americanexpresscruise.com web
24 pages contain product categories correlated to links found on the AmEx Travel web page.
25 Through those americanexpresscruise.com web pages, OVS practices the methods and
26 processes of the patents-in-suit in the course of enabling a visitor to book cruises through
27 AmEx. OVS infringes the patents-in-suit, or has infringed the '135 Patent in the past, in

28

1   connection with web pages corresponding to the appearance of web pages of other clients
2   as well.

3        20.     NATIONAL LEISURE GROUP, INC. ("NLG") is a Massachusetts corporation
4   headquartered in Woburn, Massachusetts. Publicly accessible over the Internet is a
5   "pricelinecruiseoutlet.com" domain that is, upon information and belief, operated and
6   controlled by NLG. That website is available to Internet users in the State of Texas and in
7   this district. Upon information and belief, through that website, NLG has provided
8   services to clients in this district and facilitated the sales of its clients' goods and services
9   to a large number of residents of this district. In connection with operation of that website,
10  NLG infringes claims of the two patents-in-suit.

11       21.     For example, certain web pages on pricelinecruiseoutlet.com have a look and
12  feel corresponding to the appearance of travel-related web pages of NLG's client,
13  Priceline.com Incorporated, including through matching identifying logo, active links to
14  other web pages, page layout, and color scheme. Those pricelinecruiseoutlet.com web
15  pages contain product categories correlated to links found on the Priceline web page.
16  Through those pricelinecruiseoutlet.com web pages, NLG practices the methods and
17  processes of the patents-in-suit in the course of enabling a visitor to book cruises through
18  Priceline. NLG infringes the patents-in-suit, or has infringed the '135 Patent in the past, in
19  connection with web pages corresponding to the appearance of web pages of other clients
20  as well.

21       22.     DIGITAL RIVER, INC. is a Delaware corporation headquartered in Eden
22  Prarie, Minnesota. DIGITAL RIVER owns and operates a website also known as
23  "digitalriver.com." That website is available to Internet users in the State of Texas and in
24  this district. Upon information and belief, through that website, DIGITAL RIVER has
25  provided services to clients in this district and facilitated the sales of its clients' goods and
26  services to a large number of residents of this district. In connection with operation of that
27  website, DIGITAL RIVER infringes claims of the two patents-in-suit.

28

23.    For example, DIGITAL RIVER makes publicly accessible, over the Internet, from its "digitalriver.com" domain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Macport.com, including through matching identifying banners, active links to other web pages, pull-down menus, and icons. Those digitalriver.com web pages contain products correlated to links found on the Macport.com web page. Through those digitalriver.com web pages, DIGITAL RIVER practices the methods and processes of the patents-in-suit in the course of enabling a visitor to buy software through Macport.com. DIGITAL RIVER infringes the patents-in-suit, or has infringed the '135 Patent in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

24    Upon information and belief, each defendant identified above has earned million of dollars from transactions having connection with the United States effectuated through the Internet, through operation of the above-referenced websites, and intends to continue doing so.

25.    Each defendant has infringed method and apparatus claims of the DDR '135 and '572 Patents, from their issue dates, whether directly, literally, through the doctrine of equivalents, or by inducing or contributing to their infringement by others.

26.    This Court has subject-matter jurisdiction over this case under, at least, 35 U.S.C. § 281 and 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

27.    This Court has personal jurisdiction over each and every defendant under, at least, Tex. Civ. Prac. & Rem. Code § 17.042.

28.    This District is a proper venue to resolve this case under, at least, 28 U.S.C. §§ 1391 and 1400.

29.    Each defendant has been aware of the DDR '135 Patent since at least November 2004.

30.    Upon information and belief, each defendant has been aware of the impending issuance of the '572 Patent.

1      31.    Notwithstanding awareness of DDR's patent rights, each defendant has

2 continued activities falling within the scope of at least one claim of the patents-in-suit,

3 without a justifiable basis for believing that the claims are invalid, unenforceable, or not

4 infringed.

5      32.    In their responses to the notice letters, no defendant provided DDR or its

6 representatives with any prior art reference more material to patentability than the

7 references available to the Patent Office before it issued the patents-in-suit.

8      WHEREFORE, DDR respectfully requests:

9      A.    All types of damages and monetary relief available under 35 U.S.C. § 284.

10     B.    Injunctive relief pursuant to 35 U.S.C. § 283.

11     C.    A declaration that defendants' activities infringe the patents under 35 U.S.C.

12 § 271.

13     D.    Attorneys' fees under 35 U.S.C. § 285.

14     E.    Any further relief permitted under Title 35 of the U.S. Code or considered by

15 the Court as just.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    FURTHER, DDR demands a jury trial on all issues properly tried before a jury.

2

3    RESPECTFULLY SUBMITTED this 31th day of January, 2006, by the below

4    authorized attorneys for DDR Holdings, LLC.

5                              HOFFMAN & ZUR

6

7                              By:    s/Louis Hoffman
                                      Louis J. Hoffman, Lead Attorney
8                              14614 North Kierland Boulevard, Suite 300
                               Scottsdale, Arizona 85254
9                              Telephone:  (480) 948-3295
                               Facsimile:  (480) 948-3387
10                             Email: LJH@patentit.com

11
                               ROTH LAW FIRM
12                             Carl R. Roth, TX Bar #17312000
                               Michael C. Smith, TX Bar #18650410
13                             P.O. Box 876
                               Marshall, Texas 75671
14                             Telephone:  (903) 935-1665
                               Facsimile:  (903) 935-1797
15                             Email: MS@rothfirm.com

16

17

18

19

20

21

22

23

24

25

26

27

28