# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (MARSHALL DIVISION)

| | |
|---|---|
| DDR HOLDINGS, LLC, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HOTELS.COM, L.P.; EXPEDIA, INC.; ) <br> TRAVELOCITY.COM, L.P.; SITE59.COM, ) <br> LLC; INTERNETWORK PUBLISHING ) <br> CORPORATION D/B/A ) <br> LODGING.COM; NEAT GROUP ) <br> CORPORATION; ORBITZ WORLDWIDE, ) <br> LLC; INTERNATIONAL CRUISE & ) <br> EXCURSION GALLERY, INC.; ) <br> OURVACATIONSTORE.COM, INC.; ) <br> NATIONAL LEISURE GROUP, INC.; ) <br> WORLD TRAVEL HOLDINGS, INC.; ) <br> DIGITAL RIVER, INC., ) <br> Defendants. ) <br> ) | Civil Action No. 2-06CV-42 (DF) <br><br> **FOURTH AMENDED** <br> **COMPLAINT** <br><br><br><br><br><br><br><br><br><br><br><br> JURY |

DDR Holdings, LLC ("DDR") alleges:

1. DDR is a Georgia limited liability company with its principal place of business in Dunwoody, Georgia. DDR is in the business of developing, managing, and licensing intellectual property for syndicated e-commerce, including related patents and other intellectual property.

2. DDR owns all right, title, and interest in U.S. Patent 6,629,135, issued September 30, 2003, U.S. Patent 6,993,572, issued January 31, 2006, and U.S. Patent 7,818,399, issued October 19, 2010, including the right to sue for any patent infringement.

3. Daniel D. Ross is the managing director of DDR and a co-inventor of the patents-in-suit here.

4. In the late 1990s, Mr. Ross founded a company called Nexchange Corporation to commercialize inventions in the patents (then an application). By

2000, Nexchange had arranged a network of content websites that reached over half of all U.S. Internet users and over forty brand-name merchants offered goods or services over the Nexchange network. However, Nexchange began winding down its services in late 2000, and DDR reacquired the rights to the patent properties.

5. About a year after the '135 Patent issued, specifically in or about November 2004, DDR notified each defendant or its agents (or their predecessors or related companies) of DDR's intent to enforce that patent and requested that the defendant analyze the patent, file history, and references (which were enclosed), with the goal of negotiating a license agreement between the defendant and DDR. The notice letter further advised the defendants of the existence of a pending continuation application. The continuation was, at all times since then, available to defendants and to the public on the Patent Office's website. The continuation application issued the day the complaint was filed as the '572 Patent.

6. HOTELS.COM, L.P. is a Texas limited partnership headquartered in Dallas, Texas. HOTELS.COM owns and operates websites known as "IAN.com" and "travelnow.com." Those websites are available to Internet users in the State of Texas and in this district. Upon information and belief, through those websites, and their successor affiliate program, www.expediaaffiliate.com, which is related to www.expedia.com, HOTELS.COM has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of those websites, HOTELS.COM infringes claims of the patents-in-suit.

7. For example, HOTELS.COM makes publicly accessible, over the Internet, from its "travelnow.com" domain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Hotelocity.com, including through matching identifying banners, active links to other web pages, and color scheme. Those travelnow.com web pages contain product categories correlated to links found on the Hotelocity.com web page. Through those

travelnow.com web pages, HOTELS.COM practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms through Hotelocity.com.  HOTELS.COM infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well, both through travelnow.com and other sites operated by HOTELS.COM in the "ian.com" domain or its subdomains.

8.     HOTELS.COM offers a so-called "co-branded" site, which, it advises its clients, "allows ... retaining the look and feel of your own site" while using its websites and "private labeling," which it tells clients "creates a seamless transition from your site to the Interactive Affiliate Network booking engine. Most visitors will not realize they have left your site."

9.     EXPEDIA, INC. is a Washington corporation headquartered in Bellevue, Washington.  Upon information and belief, EXPEDIA identifies HOTELS.COM as its wholly owned subsidiary, and as such, EXPEDIA actively manages and directs the affairs of HOTELS.COM sufficient to be jointly responsible for HOTELS.COM's patent infringement.  In addition, EXPEDIA owns and operates other websites, known as www.expediaaffiliate.com, "WWTE.com," and "WWTE1.com" (and other sites with different appended numbers after "wwte").  Those websites are available to Internet users in the State of Texas and in this district.  Upon information and belief, through those websites, EXPEDIA has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district.  In connection with operation of those websites, EXPEDIA infringes claims of the patents-in-suit.

10.    For example, EXPEDIA makes publicly accessible, over the Internet, from its "wwte1.com" domain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, United Air Lines, Inc., including through matching identifying banners, active links to other web pages, pull-down menus, and color scheme.  Those wwte1.com web pages contain

product categories correlated to links found on the United web page. Through those wwte1.com web pages, EXPEDIA practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms through United. EXPEDIA infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

11.     TRAVELOCITY.COM, L.P. is a Delaware partnership headquartered in Southlake, Texas. TRAVELOCITY owns and operates a popular website known as "travelocity.com." That website is available to Internet users in the State of Texas and in this district. Upon information and belief, through that website, TRAVELOCITY has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of that website, TRAVELOCITY infringes claims of the patents-in-suit.

12.     For example, TRAVELOCITY makes publicly accessible, over the Internet, from its "travel.travelocity.com" subdomain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Yahoo Travel, including through matching identifying logos, active links to other web pages, colors, and page layout. Those travel.travelocity.com web pages contain product categories correlated to links found on the Yahoo Travel web page. Through those travel.travelocity.com web pages, TRAVELOCITY practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms through Yahoo Travel. TRAVELOCITY infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well and in connection with its itn.net webpage.

13.     SITE59.COM, LLC is a Delaware corporation headquartered in New York City. SITE59 owns and operates a website known as "lmdeals.com," succeeded by "lastminutetravel.com." Those websites were or are available to Internet users in the State of Texas and in this district. Upon information and

belief, through those websites, SITE59 has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of those websites, SITE59 infringes claims of the patents-in-suit. Upon information and belief, TRAVELOCITY.COM is the sole stockholder of SITE59 and as such actively manages and directs the affairs of SITE59 sufficient to be jointly responsible for SITE59's patent infringement.

      14.    For example, SITE59 has made publicly accessible, over the Internet, from its "deltavacations.lmdeals.com" subdomain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Delta Vacations, including through matching identifying banners, active links to other web pages, and color scheme. Those deltavacations.lmdeals.com web pages contain product categories correlated to links found on the Delta Vacations web page. Through those deltavacations.lmdeals.com web pages, SITE59 practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book vacation packages through Delta Vacations. SITE59 infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

      15.    Related companies Internetwork Publishing Corporation d/b/a Lodging.com; Neat Group Corporation, a Delaware corporation; and Orbitz Worldwide, LLC, a Delaware limited liability company (together which are referenced herein as "ORBITZ") own, control, operate, and produce revenue from websites known as "lodging.com" and "neatgroup.com." Those websites are available to Internet users in the State of Texas and in this district. Upon information and belief, through those websites, and through Orbitz Worldwide, LLC's private label service, ORBITZ has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of those websites, ORBITZ infringes claims of the patents-in-suit.

16. For example, ORBITZ made publicly accessible, over the Internet, from a subdomain it operates, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Cheap Hotels Discount Reservations, including through matching identifying banners, active links to other web pages, and color scheme. Those subdomain web pages contain products correlated to links found on the Cheap-Hotels-Discount-Reservations.com web page. Through those web pages, ORBITZ practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book hotel rooms through Cheap Hotels Discount Reservations. ORBITZ infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

17. INTERNATIONAL CRUISE & EXCURSION GALLERY, INC. ("ICE") and OURVACATIONSTORE.COM, INC. ("OVS") are both Delaware corporations headquartered in Phoenix, Arizona. Upon information and belief, OVS is a subsidiary of, or under common control with, ICE. Those two defendants ("ICE/OVS") operate in a coordinated fashion, to own and operate websites known as "ourvacationstore.com," "iceenterprise.com," and "cruiserci.com." Those websites are available to Internet users in the State of Texas and in this district. Upon information and belief, through those websites, ICE/OVS have provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of those websites, ICE/OVS infringe claims of the patents-in-suit.

18. For example, ICE/OVS made or make publicly accessible, over the Internet, from the "cruiserci.com" domain owned by ICE, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Resort Condominiums International, LLC. ("RCI"), including through matching identifying logo, active links to other web pages, page layout, and color scheme. Those cruiserci.com web pages contain product categories correlated to links

found on the RCI web page. Internet visitors to the RCI web pages can reach the cruiserci.com domain by clicking on a link that loads a page at ourvacationstore.com, owned by OVS, which automatically refers the visitors' browser to cause it to display cruiserci.com. Through those web pages, ICE/OVS practice or practiced the methods and processes of the patents-in-suit in the course of enabling a visitor to book cruises through RCI and have conspired with each other to infringe the patents-in-suit.

19. For another example, publicly accessible over the Internet, is an "americanexpresscruise.com" domain that, upon information and belief, is operated and controlled by OVS, which contains certain web pages having a look and feel corresponding to the appearance of travel-related web pages of OVS's client, American Express Company ("AmEx"), including through matching identifying banner, active links to other web pages, mouse-over effects, page layout, and color scheme. Those americanexpresscruise.com web pages contain product categories correlated to links found on the AmEx Travel web page. Through those americanexpresscruise.com web pages, OVS practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book cruises through AmEx. OVS infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

20. NATIONAL LEISURE GROUP, INC. ("NLG") is a Massachusetts corporation headquartered in Woburn, Massachusetts. Publicly accessible over the Internet is a "pricelinecruiseoutlet.com" domain that is, upon information and belief, operated and controlled by NLG. That website is available to Internet users in the State of Texas and in this district. Upon information and belief, through that website, NLG has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of residents of this district. In connection with operation of that website, NLG infringes claims of the patents-in-suit.

21.     For example, certain web pages on pricelinecruiseoutlet.com have a look and feel corresponding to the appearance of travel-related web pages of NLG's client, Priceline.com Incorporated, including through matching identifying logo, active links to other web pages, page layout, and color scheme. Those pricelinecruiseoutlet.com web pages contain product categories correlated to links found on the Priceline web page. Through those pricelinecruiseoutlet.com web pages, inter alia, NLG practices the methods and processes of the patents-in-suit in the course of enabling a visitor to book cruises through Priceline. NLG infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well.

22.     WORLD TRAVEL HOLDINGS, INC. ("WTH") is a Delaware corporation and a global online travel company, that, since 2006, has owned NLG. Upon information and belief, WTH actively manages and directs the affairs of NLG sufficient to be jointly responsible for NLG's patent infringement. Also upon information and belief, in addition, WTH itself infringes the patents-in-suit in connection with websites that it controls having a look and feel corresponding to the appearance of certain travel-related web pages of WTH's clients. WTH has, since 2007, managed "cruise fulfillment" for co-defendant Orbitz. Upon information and belief, WTH has made websites available to Internet users in the State of Texas and in this district, provided services to clients in this district, and facilitated the sales of its clients' goods and services to a large number of residents of this district; in connection with operation of such websites, NLG infringes claims of the patents-in-suit.

23.     DIGITAL RIVER, INC. is a Delaware corporation headquartered in Eden Prarie, Minnesota. DIGITAL RIVER owns and operates a website also known as "digitalriver.com." That website is available to Internet users in the State of Texas and in this district. Upon information and belief, through that website, DIGITAL RIVER has provided services to clients in this district and facilitated the sales of its clients' goods and services to a large number of

residents of this district. In connection with operation of that website, DIGITAL RIVER infringes claims of the patents-in-suit.

24. For example, DIGITAL RIVER made publicly accessible, over the Internet, from its "digitalriver.com" domain, certain web pages having a look and feel corresponding to the appearance of web pages of its client, Macport.com, including through matching identifying banners, active links to other web pages, pull-down menus, and icons. Those digitalriver.com web pages contain products correlated to links found on the Macport.com web page. Through those digitalriver.com web pages, DIGITAL RIVER practiced the methods and processes of the patents-in-suit in the course of enabling a visitor to buy software through Macport.com. DIGITAL RIVER infringes the patents-in-suit, or has infringed the '135 and '572 Patents in the past, in connection with web pages corresponding to the appearance of web pages of other clients as well, including a "software store" of Hewlett Packard found on hp.com.

25. Upon information and belief, each defendant identified above has earned million of dollars from transactions having connection with the United States effectuated through the Internet, through operation of the above-referenced websites, and intends to continue doing so.

26. Each defendant has infringed method and apparatus claims of the DDR '135, '572, and '399 Patents, from their issue dates, whether directly, literally, through the doctrine of equivalents, or by inducing or contributing to their infringement by others.

27. This Court has subject-matter jurisdiction over this case under, at least, 35 U.S.C. § 281 and 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

28. This Court has personal jurisdiction over each and every defendant under, at least, Tex. Civ. Prac. & Rem. Code § 17.042.

29. This District is a proper venue to resolve this case under, at least, 28 U.S.C. §§ 1391 and 1400.

30. Each defendant, directly or through related entities, has been aware of the DDR '135 Patent since at least November 2004.

31. Upon information and belief, each defendant, directly or through related entities, was aware of the impending issuance of the '572 Patent before it issued; was aware of the impending issuance of the '399 Patent since a few days before it issued; and was aware of the confirmation of the claims of the '135 and '399 Patents in reexamination of those patents in the Patent Office, which confirmation occurred in 2010.

32. Notwithstanding awareness of DDR's patent rights, each defendant has continued activities falling within the scope of at least one claim of the patents-in-suit, without a justifiable basis for believing that the claims are invalid, unenforceable, or not infringed.

33. In their responses to the notice letters, no defendant (nor their related entities) provided DDR or its representatives with any prior art reference more material to patentability than the references available to the Patent Office before it issued the patents-in-suit.

WHEREFORE, DDR respectfully requests:

A. All types of damages and monetary relief available under 35 U.S.C. § 284.

B. Injunctive relief pursuant to 35 U.S.C. § 283 to the extent available at the time of entry of judgment.

C. A declaration that defendants' activities infringe the patents under 35 U.S.C. § 271.

D. Attorneys' fees under 35 U.S.C. § 285.

E. Any further relief permitted under Title 35 of the U.S. Code or considered by the Court as just.

FURTHER, DDR demands a jury trial on all issues properly tried before a jury.

RESPECTFULLY SUBMITTED this 9th day of September, 2011, by the below-authorized attorneys for DDR Holdings, LLC.

>LOUIS J. HOFFMAN, P.C.
>
>By:   /s/Louis J. Hoffman
>        Louis J. Hoffman
>AZ Bar #009722 (Pro Hac Vice)
>11811 North Tatum Boulevard, Suite 2100
>Phoenix, Arizona 85028
>Telephone:  (480) 948-3295
>Facsimile:  (480) 948-3387
>Email: louis@valuablepatents.com
>
>Michael C. Smith
>TX Bar #18650410
>SIEBMAN, REYNOLDS, BURG,
>        PHILLIPS & SMITH, LLP
>713 South Washington Avenue
>Marshall, Texas  75670
>Telephone:   (903) 938-8900
>Facsimile:  (972) 767-4620
>Email: michaelsmith@siebman.com
>
>Ophelia F. Camiña
>TX Bar #03681500
>SUSMAN GODFREY L.L.P.
>901 Main Street, Suite 5100
>Dallas, Texas 75202
>Telephone: (214) 754-1900
>Facsimile: (214) 754-1933
>Email: ocamina@susmangodfrey.com
>
>Ian B. Crosby
>WA Bar #28461 (Admitted, E.D. Tex.)
>SUSMAN GODFREY L.L.P.
>1201 Third Avenue, Suite 3800
>Seattle, WA 98101-3000
>Telephone: 206.516.3861
>Facsimile: 206.516.3883
>Email: icrosby@susmangodfrey.com
>
>ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 9th day of September, 2011.

                                         /s/Donald L. Hertz, III
                                         Donald L. Hertz, III