UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DDR HOLDINGS, LLC,** § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | CASE NO. 2:06-CV-42-JRG |
| § | | |
| **HOTELS.COM, L.P., et al.,** § | | |
| *Defendants.* § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff DDR Holdings, LLC's ("DDR") Motion to Compel Digital River, Inc. ("Digital River") to produce a corporate representative for deposition regarding the methods, processes and technology that power five (5) of Digital River's e-commerce platforms. (Dkt. No. 346). After considering the parties' written submissions, the Court **GRANTS** DDR's Motion to Compel and **ORDERS** Digital River to produce a knowledgeable corporate representative, within 14 days, to testify about the following DR Platforms: Global Commerce, RegNow, eSellerate, SWReg, and GlobalTech.

   **I.   BACKGROUND**

On January 31, 2006, DDR brought this suit against various Defendants alleging infringement of several patents related to e-commerce outsourcing. DDR contends that such patents may be infringed when an ordering website (such as Digital River) serves up order pages that have the "look and feel" of referring websites (like those of Digital River's clients), such that consumers are unaware that they have navigated away from the referring website to the ordering website. (Dkt. No. 345, at 3.) On February 10, 2012, before the close of discovery, DDR served each Defendant, including Digital River, a Rule 30(b)(6) Notice identifying 29 topics for examination. Among the 29 topics was the design and operation of the specific

1

"ACCUSED INSTRUMENTALITIES" identified in DDR P.R. 3-1 disclosures, as well as each defendant's development of "SEAMLESS AFFILIATE TECHNOLOGY," defined as:

> Providing a web page offering products or services of a third-party merchant and having at least identifying banners, active links to other web pages, and color schemes matching or substantially corresponding to those of a referring site in response to the activation of a link on the referring site.

(Dkt. No. 346, Ex. 1, p. 3 at ¶5.)

During a series of 30(b)(6) depositions, none of the witnesses designated by Digital River were prepared to answer questions relates to the "SEAMLESS AFFILIATE TECHNOLOGY," as defined in the Notice. Digital River does not dispute that the witness were not prepared, but justifies its refusal to tender a knowledgeable witness on the grounds that products falling within the definition of SEAMLESS AFFILIATE TECHNOLOGY are not specifically identified in the infringement contentions. According to Digital River, because "infringement contentions frame the scope of the case" and because SEAMLESS AFFILIATE TECHNOLOGY is not specifically defined in the infringement contentions, DDR has no right to the requested discovery at this stage of the case. (Dkt. No. 356.)

DDR and Digital River met-and-conferred in an attempt resolve this issue without resorting to motion practice. Ultimately, DDR narrowed its request to five specific DR Platforms (Global Commerce, RegNow, eSellerate, SWReg, and GlobalTech) that fall within the definition of SEAMLESS AFFILIATE TECHNOLOGY. Despite this attempted compromise, Digital River still refuses to offer a knowledgeable witness. The Motion to Compel now pending before the Court relates to only the five DR Platforms identified above.

## II.   LEGAL STANDARD

The rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct.

1635, 60 L.Ed.2d 115 (1979).  It is well settled in the Eastern District that "there is no brightline rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions]." *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009).  Such a limitation would be "inconsistent with the broad discovery regime created by the Federal Rules and the notion that a party may be able to amend its [infringement contentions.]" *Id.* (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F. 3d 1355, 1366 (Fed. Cir. 2006).  Therefore, discovery may be properly extended to "products 'reasonably similar' to those accused in [infringement contentions]. *Honeywell*, 655 F. Supp. 2d at 654 (quoting *EpicRealm Licensing LLC v. Autoflex Leasing, Inc. (EpicRealm I")*, No. 2:05-cv-163, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007)).

### III.   ANALYSIS

Digital River may not ignore a 30(b)(6) deposition notice simply because it believes the topics noted therein are outside the proper scope of discovery.  Procedural devices, including a motion for protective order, are available and known to Digital River to protect itself from potential discovery that may be outside the scope of this case.  Digital River's unilateral decision to block discovery into a topic clearly and unambiguously identified in a 30(b)(6) deposition notice is not permitted under the Federal Rules of Civil Procedure or this Court's Local Rules; in fact, such unilateral action blatantly usurps the Court's function as the gatekeeper in matters of discovery.  Having been put on notice of DDR's theories of infringement and its line of inquiry regarding Digital River products related to SEAMLESS AFFILIATE TECHNOLOGY, Digital River was required to either (1) tender a witness; (2) confer with DDR's counsel to discuss the scope of the deposition and resolve any disputes themselves; or (3) seek a Protective Order from the Court once a meet-and-confer between the parties did not resolve the dispute.  Instead,

3

Digital River acted purposefully and with knowing disregard for these established steps by refusing to present a knowledgeable witness at all.

Moreover, this Court cannot help but wonder if Digital River elected not to timely file a motion for a Protective Order because it knew that DDR is entitled to the requested discovery related to the five DR Platforms, particularly in light of this Court's strong adherence to a policy of broad discovery disclosure obligations. The infringement contentions filed in this case identify various Digital River products relating to an e-commerce website that Digital River hosts for its clients. After comparing the infringement contentions to the parties' descriptions of the Five DR Platforms relevant to the present motion, the Court is convinced that they are "reasonably similar" to the products specifically identified by DDR in the infringement contentions. However, Digital River consciously chose not to present this matter to the Court via a request for protective order, but instead took it upon itself to not product a knowledgeable witness or witnesses on those noticed topics.

Digital River makes much of the fact that the requested discovery "expands the scope of the case" and that the information sought by DDR is "publicly available." (Dkt. No. 356.) Digital River contends that these additional grounds also justify its refusal to tender a knowledgeable witness. The Court disagrees. These arguments might have formed the basis for a motion for protective order, but Digital River chose to ignore that avenue for relief. Notwithstanding Digital River's improper unilateral action, the discovery issue before the Court is narrowly tailored to five products that function "reasonably similar" to those named in the infringement contentions, and therefore discovery related to those products is justified according to well-settled case law in this District. Further, although some information about these five

platforms is surely publicly available, it is highly likely that non-public information will be provided during the 30(b)(6) depositions as well.

Infringement contentions serve the important role of providing Defendants notice with the theories of infringement in a case. However, infringement contentions are not intended to impose rigid boundaries that confine the scope of discovery to only those products that are specifically identified therein. This is particularly true when, as DDR did here, a party specifically identifies a series of products that may operate in a matter "reasonably similar" to other products specifically identified in the contentions. This Court's commitment to broad discovery obligations requires that Digital River provide the requested discovery.

## IV.  CONCLUSION

The Court **GRANTS** the Motion to Compel and **ORDERS** Digital River to produce a knowledgeable corporate representative, within 14 days, to testify about the following DR Platforms: Global Commerce, RegNow, eSellerate, SWReg, and GlobalTech. Further, and in light of Digital River's inexcusable failure to act within the well-known and established rules of this Court, Digital River is **ORDERED** to pay and reimburse all reasonable travel costs of DDR's counsel to take such deposition and Digital River shall also pay all the associated court report and videographer costs related to such deposition. Moreover, pursuant to Rule 37(a)(5), Digital River and its counsel are jointly **ORDERED** to reimburse DDR for its reasonable costs and attorney fees, not to exceed $5000, associated with the prosecution of this Motion. Such shall be paid within three days of presentment by DDR to Digital River of its statement enumerating these costs and expenses.

**So ORDERED and SIGNED this 18th day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE