### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

DDR HOLDINGS, LLC,

v.

HOTELS.COM, L.P., et al.

Civil Action No. 2:06-CV-42 (JRG)

**Jury Trial Demand**

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE DDR'S THREE LATE-FILED AMENDED AND SUPPLEMENTAL EXPERT REPORTS

DDR's supplementation of its three expert reports amounts to an attempt to circumvent the Court's Scheduling Order by claiming its new reports are unpermitted sur-rebuttal expert reports.[1]  The second sentence of DDR's brief states "[t]he amendments at issue . . . respond to Defendants' expert reports . . ."[2]  The Court's Scheduling Order does not allow sur-rebuttal reports.[3]  Moreover, the expert discovery deadline was July 20, 2012,[4] and DDR cannot explain why it delayed until August 27, 2012, over a month after expert discovery and approximately one month before trial, to serve these late reports.

DDR attempts to wave away its delay by claiming the late reports "incorporate references to source code and other evidence produced by Defendants after the original expert reports were served."[5]  As explained below, DDR's complaint about the timing of the provision of source code printouts can neither be credited nor provide a reasonable basis for DDR's delay, given that *DDR admits that it never asked for printouts of the source code for three defendants until after the due date for opening reports[6]*.

Finally, DDR's response gives short shrift to the prejudice to the Defendants resulting from DDR's delay.  However, that prejudice is clear.  Defendants will be forced to retool their defense and redeploy their resources to respond to these late reports mere weeks prior to trial.

## I.   DEFENDANTS SATISFIED THE MEET AND CONFER REQUIREMENT.

To distract the Court from its own shortcomings, DDR manufactures an issue regarding the Court's letter brief and conference requirements and whether Defendants complied.  DDR's

---

[1] *See* DDR's Response, Dkt. No. 445.
[2] *Id.* at 1.  The brief also mentions, for example, that certain paragraphs address arguments, to quote DDR's brief, "raised in Mr. Kent's rebuttal report," or "raised on Mr. Gray's rebuttal report," or "raised in Mr. Tittel's rebuttal report."  *Id.* at 5.
[3] Dkt. No. 340, at 3.
[4] *Id.*
[5] DDR's Response, Dkt. No. 445, at 1.
[6]  *See* Exhibit 1 to Dkt. No. 445.

complaints rings hollow in light of DDR's failure to request leave to serve expert reports outside the Court's ordered discovery deadlines for such reports.

DDR claims that Defendants failed to submit a letter brief under the Court's Motion Practice Order.[7]  Although the Court's letter brief requirement states that it applies to "Motions to Strike Expert Testimony or Daubert Motions," Defendants interpreted the phrase as referring merely to *Daubert*-type motions, which are often styled as motions to strike.  Defendants' motion is in a different category entirely.  It is a motion to strike DDR's expert *reports* for being untimely filed in contravention of the Court's Scheduling Order.

Second, DDR claims there was no meet and confer.  Defendants disagree.  Defendants raised the issue of Dr. Keller's late-filed supplemental reports and their intention to file motions to strike the late reports during a meet and confer with DDR on August 28, 2012.[8] DDR simply stated it was opposed to a motion to strike.  On Friday, August 31, 2012, after DDR raised an issue regarding the meet and confer requirements, counsel for some of the Defendants spoke again with DDR's lead counsel and was told that DDR could not yet meet and confer because Defendants' Motion to Strike had not yet been reviewed.  In a final effort to address DDR's perception that the parties had not met and conferred about the motion to strike, counsel for certain Defendants again met and conferred with DDR's counsel, this time in-person, on September 7, 2012.  DDR reiterated that it was opposed to the relief requested in Defendants' Motion.  Accordingly, while DDR stated in its response brief that "if the Rules had been

---

[7] Dkt. No. 226.

[8] DDR is correct that the Mr. Chandler's supplemental report was served after the meet and confer for the two expert report supplements for Dr. Keller on August 28, 2012.  Defendants' motion to strike is the same basis as to all three supplemental reports, that is, that they were filed late.  Mr. Chandler's report is no different in this regard.  That said, Defendants had another meet and confer on Friday, September 7, 2012, and DDR is opposed to the relief requested for Mr. Chandler's report.

followed, then this Motion would have been avoided,"[9] that is not the case, as after three meet

and confers, DDR still maintains its supplemental reports were proper.[10]

## II.    DDR'S EXCUSES FOR KELLER'S LATE INFRINGEMENT SUPPLEMENTS ARE BELIED BY THE FACTS.

Given the five page limit, Defendants address Dr. Keller's infringement report in the

most detail, as it was the most egregious supplement of nearly one hundred pages.  DDR's

response offers two justifications for the 48 supplemental paragraphs DDR addresses.[11] First,

DDR argues that Dr. Keller's supplemental report "is the result of the late production of prints of

Defendants' source code," but DDR's own timeline directly contradicts this argument.  A

timeline underscores the fact that DDR did not request source code printouts from three of the

five Defendants until almost three weeks *after* the May 18th deadline for Dr. Keller's report:

- **Fall – Winter 2011/January 2012:** Defendants made source code available for inspection.
- **April 20, 2012**: After the close of fact discovery, Defendants take down their source code for at most approximately ten (10) days.[12]  The Court ordered Defendants to allow inspection of their source code until expert discovery is complete.
- **April 28, 2012**: DDR first requests source code printouts from ICE/OVS, which are produced by May 1, 2012.[13]
- **May 18, 2012**:  DDR serves Dr. Keller's original infringement expert report.
- **June 7, 2012**:  DDR *first* requests code prints from Expedia, Travelocity and Digital River.[14]

Dr. Keller's failure to include code citations in his May 18th report cannot be attributed to

Defendants, rather, it was DDR's own lack of diligence that made supplementation necessary.

---

[9] Dkt. No. 445, at 2.
[10] Defendants believe they have met the substantive requirements of a meet and confer, However, Defendants original "Certificate of Conference" lacked certain procedural details.  Defendants apologize and attach  an additional Certificate of Conference to this reply to add these details
[11] It should be noted that although DDR specifically discusses only 48 of Dr. Keller's supplemental paragraphs, Dr. Keller's report incorporates numerous additional supplemental paragraphs that DDR fails to attempt to justify.
[12] *See* Ex. A-1, April 26, 2012 email from Camina.
[13] *See* Ex 1 to Dkt. No. 445.
[14] *See* Ex 1 to Dkt. No. 445

DDR thus has no legitimate "explanation . . . [for its] failure to comply with . . . [this Court's] discovery order."[15]

Second, DDR's argument that Dr. Keller's new infringement opinions are justified because they "are rebuttal to arguments raised for the first time in Defendants' responsive reports" is severely flawed.[16] DDR's argument ignores the fact that: (1) the supplemental reports were not served until almost two months <u>after</u> Defendants' noninfringement reports; and (2) during the interim, expert discovery closed and Defendants served their summary judgment and *Daubert* motions, relying on Dr. Keller's original opinions.  The timeline below illustrates both the delay and the resulting prejudice:

- **June 29, 2012** – Defendants serve their noninfringement expert reports.
- **July 20, 2012** – Deadline for completion of expert discovery.
- **July 27, 2012** – Defendants file their *Daubert* letter briefs.
- **August 9, 2012** – Defendants file their motions for summary judgment of noninfringement.
- **August 27, 2012** – DDR serves Dr. Keller's supplemental expert report.

In further explanation of its delay, DDR claims the late reports respond to noninfringement opinions not included in Defendants' interrogatory responses.  These rebuttal arguments to DDR's infringement positions necessarily depend on DDR's expert's infringement opinions, some of which were disclosed in the first instance in DDR's opening reports.

With respect to ICE/OVS, Dr. Keller's supplemental report includes new infringement claims against ICE/OVS' American Express website**.** Prior to August 27, 2012, DDR's allegations were limited to the '135 patent after October 2010, for which DDR claims $0 in damages, whereas in the supplemental report, Dr. Keller asserts for the first time that ICE/OVS's American Express site infringed the '572 and '399 patents as well. DDR does not attribute this

---

[15] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).
[16] DDR is specifically referring to paragraphs 44-59 and 64-67 of Dr. Keller's main report.  *See* Ex. E to Dkt. No. 431. DDR, however, makes similar excuses for numerous supplements to Dr. Keller's Defendant-specific appendixes. *See* Exs. F, G, H, & I to Dkt. No. 431.

change to any late disclosure or rebuttal opinion. Rather, DDR disingenuously argues that Dr. Keller's original report actually asserted infringement of the '572 and '399 patents. DDR has not – and cannot – identify any part of Dr. Keller's analysis of the '572 and '399 patents that refers to americanexpress.com save for a single parenthetical mention. Further, DDR makes no attempt to explain why Dr. Keller's final opinions regarding infringement of the '572 and '399 patents refer only to "RCI.com" and "RCITravel.com."[17]

### III.    MR. CHANDLER'S AMENDED DAMAGES REPORT AND DR. KELLER'S SUPPLEMENTAL VALIDITY REPORT SHOULD ALSO BE STRUCK.

While Defendants cannot reply to every flawed point DDR makes within the page limit, with respect to the additional two late reports, Defendants note the following:

- Regarding the Orbitz agreement, DDR never explains why Mr. Chandler could not have supplemented his report before the July 20, 2012 expert discovery deadline, or indeed even before Defendants' rebuttal report was due on June 29, 2012, when DDR had the agreement in-hand on June 11, 2012.

- DDR is misleading when saying that Defendants "did not object" to the Orbitz supplement based on Ms. Camina's July 30, 2012 email,[18] as Defendants never responded and were waiting for DDR to request leave from the Court, which it never did, so Defendants had no opportunity to object.

- DDR states that Mr. Chandler did not receive Danny Ross's deposition until mid-June 2012, so he could not have addressed it in his May 18, 2012 opening report.[19]  This is no basis to wait until the end of August to supplement.  Further, Mr. Kent, Defendants' expert, had no problem getting the Danny Ross transcript in time to address it in his May 18, 2012 report.

- Defendants stand on their original arguments that (1) Dr. Keller's validity report is filed late and (2) Dr. Keller's validity supplemental opinions are more prejudicial than probative under Fed. R. Evid. 403.  DDR has no basis to present arguments to a jury about the prosecution history of a patent that is not in this lawsuit. Finally, with respect to Dr. Keller's supplemental report regarding validity, DDR has no argument that this is a legitimate response to any opinions offered by Defendant's invalidity expert Mr. Kent.

---

[17] [Keller report, ¶ ¶ 40, 46, 51, 54, 60]. For example, Dr. Keller summarizes his infringement allegations of claim 13 by stating "[c]laim 13 is infringed because OVS/ICE uses Method 1 as an e-commerce outsourcing system for RCI.com." [Keller Report, ¶ 40]

[18] *See* Dkt. No. 445, at 11.

[19] *Id.* at 12.

Dated:  September 10, 2012        Respectfully submitted,

By:  */s/ Thomas M. Melsheimer*

Thomas M. Melsheimer (TX Bar No. 13922550)
Neil J. McNabnay (TX Bar No. 24002583)
Carl E. Bruce (TX Bar No. 24036278)
David Conrad (TX Bar No. 24049042)
FISH & RICHARDSON P.C.
1717 Main St., Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091
Email: mcnabnay@fr.com; conrad@fr.com

Thomas B. Manuel (*Pro Hac Vice*)
FISH & RICHARDSON P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
Email: manuel@fr.com

Counsel for Defendants and Counterclaimants,
HOTELS.COM, L.P.; EXPEDIA, INC.;
TRAVELOCITY.COM L.P.; SITE59.COM LLC

Wesley Hill (TX Bar No. 24032294)
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: wh@wsfirm.com

Counsel for Defendants and Counterclaimants,
HOTELS.COM, L.P.; EXPEDIA, INC.;
TRAVELOCITY.COM L.P.; SITE59.COM LLC

By: */s/ George C. Chen*
*(by Thomas M. Melsheimer, with permission)*
E. Glenn Thames, Jr. (TX Bar No. 00785097)
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: glennthames@potterminton.com

George C. Chen (*Pro Hac Vice*)
Walter P. Opaska (*Pro Hac Vice*)
BRYAN CAVE LLP
Two North Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7367
Facsimile: (602) 364-7070
Email: george.chen@bryancave.com;
walter.opaska@bryancave.com

Lawrence G. Kurland (*Pro Hac Vice*)
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-1235
Facsimile: (212) 541-4630
Email: lgkurland@bryancave.com

Counsel for Defendants and Counterclaimants,
INTERNATIONAL CRUISE & EXCURSION
GALLERY, INC.; OURVACATIONSTORE.COM,
INC.

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that the parties' have complied with Local Rule CV-7(h) and that the original motion is opposed.  On August 28, 2012, counsel for defendants, including myself and Wesley Hill, conferred with Plaintiff's counsel, Ophelia Camina and Michael Smith. I asked if DDR would oppose an emergency motion to strike the supplemental expert reports of Dr. Keller and was told that DDR would oppose such a motion.  I again spoke with Ms. Camina on August 31, 2012, and was told that DDR could not address whether it agreed with the relief sought in the Motion to Strike as DDR had not yet analyzed the Motion to Strike.  I and David Conrad met in-person with Mr. Camina and Mr. Smith on September 7, 2012 and asked if DDR was still opposed to the relief that Defendants are seeking and was told that DDR is opposed. The parties have not been able to reach an agreement since the original meet and confer on August 28, 2012 because the parties have entirely different views regarding what is necessary to allow a supplement or amendment of an expert report.  The parties' discussions are at an impasse and have been at an impasse since the first meet and confer on August 28, 2012.

*/s/ Carl E. Bruce*
Carl E. Bruce

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 10, 2012.

*/s/ Carl E. Bruce*
Carl E. Bruce