IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DDR HOLDINGS, LLC, | ) |
|     Plaintiff and Counterdefendant, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. 2-06-CV—42 (RG) |
| HOTELS.COM, L.P., EXPEDIA, INC.; TRAVELOCITY.COM, L.P.; SITE59.COM, LLC; INTERNETWORK PUBLISHING CORPORATION d/b/a LODGING.COM; NEAT GROUP CORPORATION; ORBITZ WORLDWIDE, LLC; INTERNATIONAL CRUISE & EXCURSION GALLERY, INC.; OURVACATIONSTORE.COM, INC.; NATIONAL LEISURE GROUP, INC.; WORLD TRAVEL HOLDINGS, INC.; and DIGITAL RIVER, INC., | ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) |
|     Defendants and Counterclaimants. | ) |

**DDR'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THREE AMENDED AND SUPPLEMENTAL EXPERT REPORTS**

The Defendants jointly filed one motion to strike [Dkt. 431] and one motion to expedite briefing [Dkt. 432], but have now improperly submitted three separate replies [Dkt. 447 (NLG), Dkt. 448 (Digital River), & Dkt. 449 (All Defendants)]. Under L.R. CV-7(a)(2), Defendants were allowed only five pages for a reply, instead they collectively filed ten – completely flouting local rules just as they did when they failed to engage DDR in a proper meet and confer regarding their motion. DDR will, however, respond to all three replies within the one day granted them under the expedited briefing schedule. This Sur-Reply is to Dkt. 449 (Def. Reply).

**I.     Defendants did not satisfy their meet and confer obligations.**

Defendants allege that they satisfied the meet and confer requirements, but their argument misses the point entirely: the purpose of a meet and confer is so that **_Defendants_** can hear **_Plaintiff's_** reasons for the supplements and possibly reach agreements to limit the dispute. Defendants have never asked DDR for their reasons for amending the reports or why they did so when they did.  Defendants now claim that they had a proper meet and confer on September 7, but that is a full week *after* they filed their motion to strike.  Further, they now admit that they had no meet and confer regarding Mr. Chandler's amended report. (Def. Reply at 2, n.8).  DDR had no opportunity to explain to Defendants why Mr. Chandler amended his report and why DDR served it when it did.

## II. Under the Federal Rules, DDR was entitled to both amend and supplement its experts' reports when it did because of the Defendants' discovery delays and because the experts introduced no new opinions into the case.

DDR's three reports contained both supplementations and amendments.  The amendments included, as described in its thorough Response [Dkt. 445], minor corrections, clarifications, and citations to source code that the Defendants did not finish producing until September 6.[1]  Per FRCP 26(e)(2): "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to the information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Per the Court's Amended Scheduling Order [Dkt. 340], the parties' Rule 26(a)(3) disclosures were due September 4, which means that DDR's amendments were well within the deadline.  DDR had a duty to supplement its report with this information and did so in an extremely timely manner considering that the Defendants did not even finish producing copies of

---

[1] All of the Defendants except Digital River satisfied DDR's requests for source code by August 10, but Digital River did not do so until September 6.  *See* Exhibit A.  DDR further supplemented and tendered in person Dr. Keller's infringement report to include Digital River source code citations the very next day, September 7.

the source code DDR requested in April until *after* DDR served its three amended reports. Defendants argue that DDR should have requested the source code before Dr. Keller submitted his report, but DDR did just that.  DDR began requesting source code in April, but then the Defendants removed the laptops and code from escrow on April 10, thereby interfering with our print requests and necessitating asking the Court to remedy this conduct.  [Dkt. 330].  It is Defendants, not DDR, who delayed the source code printouts.

DDR's supplementations to the report ***did not accuse a single new website*** and ***offered no new opinions***; instead, as DDR explained in its Response, it included only (a) information that DDR learned from Digital River's additional (30)(b)(6) deposition that the Court ordered in late July [Dkt. 384] and which DDR took on August 16-17; and (b) opinions that were intended *solely to contradict the arguments already presented by the Defendants' experts* in their expert reports.  To reiterate, DDR ***did not add any new facts to the case*** through its rebuttal points. DDR was entitled to supplement its report to include the newly discovered Digital River information and, under FRCP 26(a)(2)(D)(ii), to rebut the opinions of the Defendants' experts.

FRCP 26(a)(2)(D)(ii) states that "[a]bsent a stipulation or a court order," a party must disclose expert testimony "within 30 days after the other party's disclosure" "if the evidence is intended *solely to contradict or rebut evidence* on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." (emphasis added).  Defendants state that the "Scheduling Order does not allow sur-rebuttal reports," (Def. Reply, at 1), but that is incorrect – the Scheduling Order is silent on the point and thus FRCP 26(a)(2)(D)(ii) kicks in.  Therefore, DDR had 30 days after Defendants served their expert reports on July 3 to file their rebuttal, which was August 2.  However, because of the Digital River Court-ordered deposition scheduled two weeks later and the fact that four out of the five Defendants still had not produced the requested copies of their source code on August 2, Defendants could not meet that obligation as to all

3

Defendants. Rather than doing piecemeal rolling amendments throughout the month, DDR waited until at least four of the five Defendants finished producing copies of its source code and it had taken Digital River's 30(b)(6) deposition to supplement its three expert reports – which it did within a mere ten days after the Digital River depositions. Far from delaying, DDR supplemented its expert reports as soon as it was possible.

As the Defendants concede, DDR was allowed to supplement its expert reports if the four *Barrett* factors are met: the party's explanation, the prejudice to the opposing party, the possibility of curing that prejudice, and the importance of the witness's testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (cited in Def. Reply at 4). DDR has addressed these factors as to each of the three expert reports in its Response, but to reiterate here: DDR had good reason to wait to supplement its report – Defendants' continued discovery obstruction hampered its ability to supplement the reports at once. DDR pursued two motions to compel which the Court granted on July 17 [Dkt. 385 (regarding ICE/OVS) and Dkt. 384 (regarding Digital River)]. DDR obtained discovery from the first motion on July 30 and from the second via depositions on August 16-17. Second, Defendants suffer no prejudice from these supplementations: **_DDR did not submit any new infringement allegations in its three supplemented reports_.** DDR has painstakingly gone through the changes its experts made to their reports in its Response to the motion to show this. Third, there is no prejudice to cure here; if anything, the Defendants caused DDR prejudice by withholding key documents and information up until September 6. Finally, the amended expert reports are a vital part of this case because DDR's experts will not be able to rebut the new opinions and arguments raised by the Defendants' rebuttal expert reports if they do not include such opinions in their own reports. As such, DDR meets the *Barrett* factors for the few supplemental opinions it included in its report, not to mention that DDR could make the majority of the rest of the amendments before September 4 under Rule 26(e)(2).

And to stress a point that DDR explained in its Response, ***Dr. Keller did NOT add new infringement claims against ICE/OVS's American Express website.***  Defendants incorrectly claim that Dr. Keller's original report only accused the American Express website of accusing the '135 patent because, as explained on page 9 of DDR's Response, Dr. Keller did in fact include "americanexpresscruise.com" as infringing the '572 patent in paragraph 42 (now paragraph 47) (Defendants now agree; Def. Response at 5), and of infringing the '399 patent in paragraph 53 (now 57) by reference to the preceding discussion of the '572 patent.  The principal effect of the amendments relating to the American Express website relate to specifying the time of transition from infringing the '572 and '399 patents to infringing the '135 patent.

### III. Defendants take an inequitable position when it comes to amending Mr. Chandler's report to include the Orbitz license.

Finally, Defendants claim they were waiting for DDR to request leave from the Court to amend Mr. Chandler's damages report to include the Orbtiz license so that they could formally object to that inclusion. (Def. Reply at 5).  First of all, DDR could supplement its report under the Federal Rules without leave, as described above.  Second, if Defendants' contentions are true, then it further proves the inequity of their position.  First Defendants produce the Orbitz license.  Then they refuse to exclude it.  When DDR attempted to supplement its expert report to discuss the license, Defendants wanted to prevent us from doing that too.  In other words, Defendants want to use the Orbitz license in this litigation but want to prevent DDR from doing the very same thing.  What's good for the goose must be good for the gander, and Defendants cannot keep DDR's expert from opining on the Orbitz license.

### CONCLUSION

The Court should not strike DDR's three amended expert reports because DDR was entitled to amend its reports under the Federal Rules up until September 4 and because the Defendants hampered DDR's experts' ability to include the supplemental information in one amended report.

        Respectfully submitted,

        /s/ LeElle Krompass
        Ophelia F. Camiña
        Texas Bar No. 03681500
        LeElle Krompass
        Texas Bar No. 24074549
        SUSMAN GODFREY L.L.P.
        901 Main Street, Suite 5100
        Dallas, Texas 75202
        Telephone:  214.754.1900
        Facsimile:   214.754.1933
        Email:   ocamina@susmangodfrey.com

        Ian B.Crosby
        Washington Bar No. 28461
        SUSMAN GODFREY L.L.P.
        1201 Third Avenue, Suite 3800
        Seattle, WA 98101-3000
        Telephone: 206.516.3861
        Facsimile: 206.516.3883
        Email: icrosby@susmangodfrey.com

        Louis J. Hoffman
        AZ Bar #009722 *(Pro Hac Vice)*
        LOUIS J. HOFFMAN, P.C.
        14301 North 87th Street, Suite 312
        Scottsdale, Arizona 85260
        Telephone: 480.948.3295
        Facsimile: 480.948.3387
        Email: louis@valuablepatents.com

        Michael C. Smith
        Texas Bar # 18650410
        Siebman, Burg, Phillips & Smith, LLP
        113 East Austin Street
        Marshall, TX 75671
        Telephone: 903.938.8900
        Facsimile: 972.767-4620
        Email: michaelsmith@siebman.com

        ATTORNEYS FOR PLAINTIFF
        DDR HOLDINGS, LLC

**CERTIFICATE OF SERVICE**

      I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on the September 11, 2012.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system and in addition has been served electronically pursuant to the Electronic Service Agreement.

                                      /s/ LeElle Krompass