UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DDR HOLDINGS, LLC,**  Plaintiff and Counterdefendant,  v.  **HOTELS.COM, L.P. et al.,**  Defendants and Counterclaimants. | Civil Action No. 2:06-CV-42 (JRG)  Jury Trial Demand |

### NATIONAL LEISURE GROUP, INC.'S AND WORLD TRAVEL HOLDINGS, INC.'S MOTIONS *IN LIMINE* AND TO EXCLUDE

Defendants National Leisure Group, Inc. and World Travel Holdings, Inc. (collectively, "NLG") request that the Court preclude Plaintiff DDR Holdings, LLC ("DDR"), DDR's counsel, and all of DDR's witnesses (and where appropriate all of the parties, their counsel, and their witnesses) from mentioning, referring to, or offering any evidence relating to any of the following matters within the hearing of any member of the jury panel, either in *voir dire* or at any time during trial. Evidence, testimony, and argument concerning such matters should be excluded because they would be irrelevant to the issues to be tried and would be unfairly prejudicial to NLG, confuse the issues, mislead the jury, cause undue delay and/or waste time. Moreover, compelling NLG to object before the jury each time such matters are raised would serve only to reinforce the prejudicial impact on the jurors.

Accordingly, NLG respectfully requests that the Court grant these motions *in limine* and enter an order, prior to *voir dire* examination of the jury and statements of counsel to the jury, precluding any evidence, testimony, or argument concerning these matters. To the extent the Court chooses not to rule on these motions before trial, NLG requests that the Court preclude

counsel for DDR and DDR's witnesses (and where appropriate counsel for any party and their witnesses) from mentioning, referring to, offering any evidence, or soliciting any testimony relating to the following matters until the same has first been called to the Court's attention out of the presence of the jury and the Court has made a ruling as to each matter.  NLG further moves that DDR's counsel (and where appropriate counsel for any party) be instructed to inform each of its witnesses of the contents of these motions so that no witness will violate them.

NLG joins in the Defendants' Omnibus Motion *in Limine*, and brings the following motions *in limine* that relate specifically to NLG.

1. **DDR should be precluded from presenting any argument, testimony or evidence related to alleged infringement not previously disclosed in DDR's infringement contentions, or presenting evidence or making reference to alleged infringement by a system or method other than that accused of infringement in this case.**

Pursuant to this Court's Local Rules, DDR should be limited to the infringement allegations specifically set forth in DDR's Amended Disclosure Pursuant to Patent Local Rules 3-6(a)(1) ("Infringement Contentions") served on January 23, 2012 (Ex. A).  Moreover, DDR should not be allowed to accuse any systems or methods of infringement it did not assert in the Infringement Contentions or for which it did not provide the required disclosure under Local Patent Rule 3-1.  See *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, Order (D.I. 537) at 15 (E.D. Tex. Mar. 31, 2010); *Ambato Media, LLC v. Clarion Co.*, No. 2:09-cv-242, Memorandum Order (D.I. 363) (E.D. Tex. June 28, 2012) (granting motion *in limine* on same grounds).  The Rules of Practice for Patent Cases before the Eastern District of Texas provide that a party's disclosure of infringement contentions under Local Patent Rule 3-1 are deemed to

be its final infringement contentions.[1] This Court should not allow DDR to flout the Local Rules by allowing it to present new theories of infringement that were not disclosed in its final Infringement Contentions served on January 23, 2012. Thus, based on its final Infringement Contentions, DDR's infringement allegations against NLG at trial may relate to no more than the Accused Instrumentalities identified as the following websites: United Airlines (www.United.com), U.S. Airways (www.USAirways.com), and Priceline (www.priceline.com).[2] To permit otherwise would severely prejudice NLG, as references to theories or bases of infringement outside of DDR's January 23, 2012 Infringement Contentions would have no relevance to any claim of infringement by DDR. Fed. R. Evid. 402.

In the Joint Pretrial Order, DDR identifies the Accused Instrumentalities of NLG as the affiliate partner websites for Priceline, Orbitz, BJs, American Airlines, Cheaptickets, Hotwire, BookIt, Travelnow.com and Alaska Airlines. Given that that the only one of these Accused Instrumentalities specifically identified in DDR's January 23, 2012 Infringement Contentions is the Priceline affiliate website, DDR should only be allowed to present argument, testimony or evidence related to accused infringement by NLG with respect to the Priceline partner affiliate website. Further, telephone sales and operations of NLG that do not involve a website, as identified in DDR's Infringement Contentions, are not proper Accused Instrumentalities either.

---

[1] Under Local Patent Rule 3-6(a) and (b), a plaintiff may serve amended contentions only within 30 days after claim construction or upon leave of Court. In the present case, DDR served its amended Infringement Contentions on January 23, 2012 with the leave of the Court (D.I. 315). DDR did not otherwise seek leave of Court to file any other amendments to its infringement contentions.

[2] DDR also refers generally to something called "Cruses Only affiliate program," but does not provide the specific disclosure information required by Local Patent Rule 3-1(b) and (c), such as identification of the Accused Instrumentality and a chart identifying specifically where each element of each asserted claim is found within the Accused Instrumentality.

DDR should be precluded from presenting any evidence of alleged infringement of the '135 Patent, infringement under the doctrine of equivalents, or contributory infringement with respect to NLG.  In the Joint Pretrial Order, DDR stated that the '135 Patent is not asserted against NLG.  DDR also asserted that it is a contested issue whether Defendants contributorily infringe claim 8 of the '135 Patent.  Since the '135 Patent is not asserted against NLG, DDR has no claim of contributory infringement against NLG.  Further, DDR is not asserting infringement under the doctrine of equivalents with respect to any of the Defendants.  Such non-asserted infringement theories or bases are irrelevant to DDR's allegations in this case.

Accused systems and methods of NLG not properly alleged to infringe are irrelevant.  Any probative value that other Accused Instrumentalities arguably may have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  Fed. R. Evid. 403.

2. **DDR should be precluded from presenting any evidence or making references to any damages associated with accused systems or methods not properly alleged to infringe in this case.**

DDR should be precluded from presenting any evidence or making any references to any damages associated with accused systems or methods not properly alleged to infringe in this case.  Moreover, upon the Court's ruling that the Priceline affiliate website is the only Accused Instrumentality for which DDR may present argument, testimony or evidence with respect to NLG, all evidence or references to damages associated with any other accused systems or methods should be precluded.  Similarly, evidence or references to damages associated with telephone sales or operations of NLG should be precluded as well.  As the Court has already found and the parties agree, "revenue attributable to Phone-only sales is not relevant."  *See* D.I.

385 (Memorandum Opinion and Order) at 2. Alleged damages associated with systems and methods not properly alleged to infringe are irrelevant. Further, any probative value that damages associated with other Accused Instrumentalities arguably may have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

3. **All parties should be precluded from making any reference to NLG's not joining in the Defendants' invalidity contentions or invalidity expert report.**

DDR and all of the Defendants should be precluded from making any argument or statement or offering any testimony that NLG did not join in the Defendants' invalidity contentions or invalidity expert report.[3] Such statements or evidence would be irrelevant to any issue in this case, and any probative value is substantially outweighed by the prejudicial effect. Fed. R. Evid. 403.

WHEREFORE, PREMISES CONSIDERED, the Court should order DDR and its counsel and witnesses (and where appropriate any of the parties and their counsel and witnesses) not to refer to the above matters in any way during *voir dire*, opening statements, witness examinations, closing arguments, or otherwise, without first asking the Court, outside the presence of the jury, to rule on the admissibility of such evidence or the appropriateness of such argument or statement.

---

[3] NLG joined in the Co-Defendants' Invalidity Contentions. *See* D.I. 242.

Dated: September 13, 2012          Respectfully submitted,

By: */s/ Lance Lee*

    Lance Lee
    Texas Bar No. 24004762
    5511 Plaza Drive
    Texarkana, TX 75503
    Tel. (903) 223-0276
    Email: wlanceless@aol.com

    Norman H. Zivin (*Pro Hac Vice*)
    Tonia Sayour (*Pro Hac Vice)*
    COOPER & DUNHAM LLP
    30 Rockefeller Plaza
    New York, NY 10112
    Tel. (212) 278-0508
    Fax (212) 391-0525
    E-mail: nzivin@cooperdunham.com;
    tsayour@cooperdunham.com

Counsel for Defendants and Counterclaimants
NATIONAL LEISURE GROUP, INC. and WORLD
TRAVEL HOLDINGS, INC.

## CERTIFICATE OF CONFERENCE

Counsel for the parties met and conferred by telephone on September 12, 2012, regarding motions *in limine*. Pursuant to the Court's Amended Scheduling Order (D.I. 340), the parties will confer with each other regarding their motions *in limine* and submit to the Court in writing any objections they have to other parties' motions *in limine* prior to the initial pretrial conference scheduled on September 20, 2012.

*/s/ Lance Lee*
Lance Lee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 13, 2012.

*/s/ Lance Lee*
Lance Lee