IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DDR HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff and Counterdefendant, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2-06-CV—42 (RG) |
| | ) | |
| HOTELS.COM, L.P., EXPEDIA, INC.; | ) | |
| TRAVELOCITY.COM, L.P.; | ) | |
| SITE59.COM, LLC; | ) | **JURY TRIAL DEMANDED** |
| INTERNETWORK PUBLISHING | ) | |
| CORPORATION d/b/a LODGING.COM; | ) | |
| NEAT GROUP CORPORATION; | ) | |
| ORBITZ WORLDWIDE, LLC; | ) | |
| INTERNATIONAL CRUISE & | ) | |
| EXCURSION GALLERY, INC.; | ) | |
| OURVACATIONSTORE.COM, INC.; | ) | |
| NATIONAL LEISURE GROUP, INC.; | ) | |
| WORLD TRAVEL HOLDINGS, INC.; | ) | |
| and DIGITAL RIVER, INC., | ) | |
| | ) | |
| Defendants and Counterclaimants. | ) | |

## JOINT RESULTS OF MEET AND CONFER RE DEFENDANTS' MOTION TO STRIKE THREE SUPPLEMENTAL EXPERT REPORTS

After meeting and conferring today in-person in good faith from 9:00am to 3:30pm

regarding the Defendants' Motion to Strike DDR's Three Supplemental Expert Reports, the

parties were able to agree to the inclusion or exclusion of certain changes.  Those are identified

below in Table 1.[1]  However, the parties still have differing views about the propriety of certain

other changes in the three reports, and thus ask the Court to rule on those changes identified

below in Table 2.  Further, each party has submitted no more than a two page discussion of its

views on the objectionable changes in Table 2 to capture those issues not readily identifiable by

the comments.

---

[1] No party disputes any changes made to any Tables of Content to the extent those accurately reflect changes made
to the report.

1

## A. AGREED MATTERS

| TABLE 1: Agreed to edits and withdrawals | |
|---|---|
| **Paragraph** | **Result** |
| **KELLER INFRINGEMENT REPORT (Paragraph #)** | |
| 1-26 | Accepted (typographical edits) |
| 27 | Accepted (new substantive matter) |
| Removal of previous 28 | Accepted (DDR has withdrawn DOE contention) |
| 29-43 | Accepted (typographical edits) |
| 63 | Accepted (DDR contends this is rebuttal opinion) |
| 64-67 | DDR will withdraw changes |
| 68-81 | Accepted (typographical edits) |
| | |
| **Appendix 1 - Expedia** | |
| 1 | Accepted (typographical edits) |
| Removal of previous 5 | Accepted |
| 20 | Accepted (new substantive matter) |
| 30 | Accepted (typographical edits) |
| 41 | DDR will withdraw changes |
| 50 | Accepted (typographical edits) |
| Removal of previous 56 | Accepted |
| Fig. 23 | Accepted (new matter) |
| | |
| **Appendix 2 - NLG** | |
| 2 | Accepted (typographical edits) |
| 3 | Accepted (typographical edits) |
| 7 | Accepted (typographical edits) |
| 10-18 | Accepted (typographical edits) |
| 24 | Accepted (typographical edits) |
| 31 | Accepted (typographical edits) |
| 34 | Accepted (typographical edits) |
| 38 | DDR will withdraw changes |
| 39 | Accepted (typographical edits) |
| 42 | Accepted (typographical edits) |
| 44 | Accepted (typographical edits) |
| 49 | Accepted (typographical edits) |
| Removal of previous 56 | Accepted |
| All changes to figure captions | Accepted |
| | |
| **Appendix 3 - Travelocity** | |
| 1-3 | Accepted (typographical edits) |
| 5 | DDR withdraw changes, except for changing affiliate to partner throughout (this is a global agreement with all |

| | Defendants) |
|---|---|
| 6 | DDR will withdraw changes, except for changing affiliate to partner |
| 11 | DDR will withdraw changes |
| 12 | Accepted (typographical edits) except "or PostCarRequest.do servlets call" (addressed further on second chart below) |
| 13 | DDR will withdraw changes |
| 14 | Accepted (new matter) |
| 16 | Accepted (source code citation) |
| 17 | Accepted (source code citation) |
| 18-19 | DDR will withdraw changes |
| 21 | DDR will withdraw changes |
| 22 | Accepted (typographical edits) |
| 34-35, 46 | Accepted (new matter) |
| 57 | DDR will withdraw changes except for change from affiliate to partner |
| 47-48 | Accepted (typographical edits) |
| 61 | Accepted (typographical edits) |
| 66 | Accepted (typographical edits) |
| Removal of previous 68 | Accepted (DDR has withdrawn DOE contention) |
| Figs. 42-46 | Accepted (new matter) |
| | |
| **Appendix 4 - Digital River** | |
| 1 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 6-7 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 9 | Agree to accept first sentence, but not to anything thereafter (addressed below) |
| 10 | Agree to accept first sentence, but not to anything thereafter (addressed below) |
| 13 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 24 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 26 | Agree to accept first sentence, but not to anything thereafter (addressed below) |
| 34 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 47 | Accepted (typographical edits) (on the understanding that Digital River does not waive objecting to Microsoft office as outside the scope of the Infringement Contentions) |
| 48 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 55 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |

| 63 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
|---|---|
| 65 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 79 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| 82 | Accepted (typographical edits and/or reference to material discovered during court ordered 30(b)(6) deposition) |
| Removal of previous 63 | Accepted |
| | |
| **Second Supplementation as to Digital River** | |
| 6-12 | Accepted (typographical edits to first supplemental report), but only to the extent that the Court does not strike the previously supplemented paragraphs |
| 21 | Accepted (typographical edits to first supplemental report), but only to the extent that the Court does not strike the previously supplemented paragraphs |
| 26-27 | Accepted (typographical edits to first supplemental report), but only to the extent that the Court does not strike the previously supplemented paragraphs |
| 52 | Accepted (typographical edits to first supplemental report), but only to the extent that the Court does not strike the previously supplemented paragraphs |
| | |
| **Appendix 5 - ICE/OVS** | |
| 1 | Accepted (typographical edits) |
| 4 | Accepted (typographical edits) |
| 5 | Accepted (typographical edits) |
| 6 | Accepted (typographical edits) |
| 8 introductory phrase in the first sentence | Accepted (typographical edits) |
| 9(a) | Accepted (typographical edits) |
| 10 | Accepted (typographical edits) |
| 11 | Accepted (typographical edits) DDR will withdraw additional sentence at end of paragraph. |
| 13 | Accepted that Keller may clarify that Amex did not use Method 2 until Q4 2010 (rest of paragraph addressed further below) |
| 14 | DDR will withdraw changes |
| 18 | Accepted that Keller may clarify that Amex did not use Method 2 until Q4 2010 (rest of paragraph addressed further below) |
| 28 | Accepted (typographical edits) |
| 31 | DDR will change to "of two RCI Travel pages" |
| 32 | DDR withdraws it changes to the first two sentences, |

| | objections remain to the rest (discussed below) |
|---|---|
| 33 | Accepted (typographical edits) |
| 34 | Accepted (typographical edits) |
| 35 | Accepted (typographical edits) |
| 39 | Accepted (typographical edits) |
| 41 | Accepted (typographical edits) |
| 43 | Accepted (typographical edits) |
| 47 | Accepted except as to last sentence (discussed below) |
| 55 | Accepted (typographical edits) |
| 61 | Accepted (typographical edits) as to changes in the first sentence, objections remain to the rest (discussed below) |
| 68 | Accepted (typographical edits) |
| 70 | Accepted (typographical edits) |
| 71 | Accepted (typographical edits) |
| Removal of previous 62 | Accepted |
| | |
| **CHANDLER REPORT** | |
| 5 | Accepted (new matter) |
| 10-12 | Table accepted to the extent that it accurately reflects the information found in the exhibits.  ICE/OVS disputes the inclusion of damages for AMEX from the '135 Patent (discussed below) |
| 34-35 | DDR will withdraw changes |
| 37 | DDR will withdraw changes |
| 53 | DDR will withdraw changes |
| 71 | DDR will withdraw changes |
| 77 | Accepted (typographical error) |
| 110 | DDR will withdraw changes |
| 114-15 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| 117-18 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| 119 | Accepted (typographical error) |
| 120 | Agree to the extent the numbers in the exhibits are correct |
| 123 | Accepted (including information DDR received on July 31, 2012) |
| 124 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| 125 | Accepted (including information DDR received on July 31, 2012) |
| 126 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| 127 | Accepted (new matter) |
| Removal of previous 116 | Accepted |
| 128 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |

| Removal of previous 118 | Accepted |
|---|---|
| 130 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| 131 | Agree to the extent the numbers are summaries that correctly reflect permissible exhibits. |
| Edits to Fig. 14A & B | Agree to removal of damages calculation for HotelGuides that is no longer accused of infringement. Object to all other new matter. |
| Edits to Fig. 15A & B | Accepted |
| Edits to Fig. 16A & B | Only objecting to damages associated with AMEX infringing the '135 (discussed below) |
| Edits to Fig. 17A & B | Accepted |

**B. OPPOSED MATTERS**

**<u>DDR'S POSITION REGARDING THE MEET AND CONFER AND SUPPLEMENTATION</u>**

DDR met and conferred in good faith to narrow and resolve these issues. DDR had an obligation to timely amend its reports to address matters that it learned were incorrect or incomplete under Rule 26(e), and a right to supplement to rebut matter raised for the first time in Defendants' responsive reports under Rule 26(a)(2)(D)(ii).

For **<u>required</u>** supplements under Rule 26(e), DDR had to supplement by Sept. 4 (the date its pretrial disclosures were due). DDR submitted its supplemental reports on August 27 and 28, thus all changes in the reports that correct, clarify, or complete subject matter previously raised in DDR's original reports were timely. And to reiterate a point stated in its briefing, DDR did not accuse a single new website of infringement, did not develop any new theories, and did not expand its case through those amendments. DDR admits that it supplemented rebuttal material after the deadline under Rule 26(a)(2)(D)(ii), but this was substantially justified by the need to supplement all at once, if possible. Nevertheless, DDR recognizes that it should have sought relief from the Court when it realized it could not. To mitigate any prejudice to the Defendants from this, DDR offered not to submit any rebuttal material except in the rebuttal phase of its case at trial, and then only to the extent responsive to issues raised by Defendants. Defendants declined this compromise.

Irrespective of timing, Defendants have generally not identified reasons why they could not address particular subject matter raised in the new reports without prejudice at trial. With few exceptions, DDR understands Defendants' position to be that that DDR could not have raised ***any*** rebuttal points regardless of timing, and so spending any time accounting for supplementation is prejudicial. Where Defendants did state why the particular subject matter required substantial investigation, DDR generally withdrew the supplementation.  DDR also notes that the relevant time for assessing Defendants' prejudice was at the time DDR served the supplemental reports, over a month before trial. Not today. Defendants' experts should be able to

2416520v1/012448

account for the less than 30 pages of text that added to a nearly 500 page report before trial, especially since they already addressed these points in their own reports. In fact, Defendants told the Court that they had already given these reports to their experts three weeks ago.

As to OVS/ICE specifically, it is taking inconsistent positions regarding Keller's and Chandler's reports for American Express. On the one hand, OVS/ICE says that identifying the American Express URL in the infringement discussion of the '399 and '572 patents did not put it on notice for infringement of those patents in addition to the '135 patent. At the same time, OVS/ICE claims it relied on Chandler's misidentification of the '399 and '572 as the only infringed patents to say it had no idea DDR was claiming American Express infringes the '135 patent. Consequently, it says Chandler may not correct his report to attribute damages to the '135 patent, and that Keller may not clarify infringement of the '399 and '572 patents in addition to the '135. Chandler's misattribution of damages to the patents that OVS/ICE claims Keller never asserted were infringed is an obvious error on which OVS/ICE could not have reasonably relied. DDR should not be prevented from presenting any damages arising from this clerical error.

Finally, the supplementation for Digital River relates to discovery obtained from the Court-ordered 30(b)(6) depositions. If Digital River had complied during the discovery period, DDR could have done follow-up discovery based on the depositions. Yet Digital River wants to strictly limit DDR to what it learned in the depositions. It argues that DDR had access to its code and documents before serving the original reports, but ignores that DDR needed and was entitled to use the deposition during discovery to identify and interpret the code and documents to prepare its report. This limitation would put DDR in a worse position, and Digital River in a better one, than if Digital River had never violated the discovery rules. That's wrong and unfair. DDR should be allowed to serve a report as if Digital River had timely provided knowledgeable witnesses. Digital River should bear any "prejudice" it caused by its own misconduct.

**DEFENDANTS' JOINT POSITION REGARDING THE AGREEMENTS AND DISAGREEMENTS DURING MEET AND CONFER ON MOTION TO STRIKE EXPERT REPORTS**

DDR's argument that Fed. R. Civ. P. 26(e) allows it to wait until the proverbial 11th hour to supplement and amend its expert reports is misguided and obliterates the deadlines set by the DCO and Rule 26(a)(2)(D)(ii).  While Rule 26(e)(2) might provide a final deadline by which all supplementations or amendments must be disclosed, the Advisory Committee Notes make it clear that a party cannot wait until that last day to disclose new information or opinions the party discovered earlier.  Rather, "changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under subdivision [26](e)(1)." Fed. R. Civ. P. 26 Adv. Comm. Notes (1987).  Rule 26(e)(1), in turn, requires that parties supplement disclosures "in a timely manner."  Fed. R. Civ. P. 26(e)(1).  This is precisely what DDR has failed to do here, and therefore, its supplements/amendments are inappropriate under Rule 26(e).

Furthermore, while a duty to supplement expert reports under Rule 26(e) exists, DDR may not apply a liberal view of what is needed to "correct" its prior disclosures in order to introduce new opinions or bases for those opinions that should have been addressed in DDR's opening expert reports.  *See, e.g., Providence Prop. & Cas. Ins. Co. v. PeopLease Corp.*, No. 4:06-cv-285, 2007 WL 3390011 (E.D. Tex. Nov. 13, 2007) (striking purported supplemental expert reports because the reports were submitted after the expert deadline and were "based on new theories and methodologies"); *Gen. Elec. Co. v. SonoSite, Inc.,* 641 F.Supp.2d 793, 799 (W.D. Wis. 2009) (denying plaintiff's argument that its supplemental invalidity report was appropriate under Rule 26(e) because defendants had not disclosed certain contentions prior to the deadline to file the opening report and striking the supplemental report because  the report "raises entirely new matters."); *Praxair, Inc. v. ATMI, Inc*., 231 F.R.D. 457, 463-64 (D. Del. 2005).  Indeed, courts routinely hold that purported "supplemental" expert reports that offer new

theories of infringement or attempt to bolster an expert's previously submitted opinions do not fall within the scope of Rule 26(e). *See, e.g., Presstek, Inc. v. Creo, Inc.*, No. 05-cv-65-PB, 2007 WL 983820, at *4-5 (D.N.H. March 30, 2007) (striking portion of a supplemental expert report because "Rule 26(e) cannot reasonably be read to encompass expert disclosures that merely serve to bolster previously disclosed opinions…"); *Gen. Elec. Capital Bus, Asset Funding Corp. v. S.A.S.E. Military Ltd.*, Civil No. SA–03–CA–189–RF, 2004 WL 5495589, at *2 (W.D. Tex. Oct. 8, 2004) (striking purported supplemental expert reports because the "presentation of new theories" and "expansion of a theory already asserted" are "not a supplementation anticipated by Rule 26(e), but instead, constitutes rendering of a new expert report."). DDR's supplemental/amended reports do just that: offering entirely new opinions and/or attempting to bolster opinions DDR contends were contained in its opening reports.  Thus, the Court should reject DDR's contention that its supplemental reports are appropriate under Rule 26(e).

As Defendants explained to the Court in their briefing and during the pretrial conference, DDR's untimely disclosure when the parties' theories and expert opinions should have already been crystalized unfairly prejudices Defendants, and sends the wrong message to other litigants about the Court's schedule. The parties at this stage should be preparing for trial, <u>not</u> preparing additional rebuttal expert reports or considering other expert discovery.

### DIGITAL RIVER'S POSITION REGARDING THE AGREEMENTS AND DISAGREEMENTS DURING MEET AND CONFER ON MOTION TO STRIKE EXPERT REPORTS

Digital River ("DR") recognizes that because of the court-ordered August 16-17 depositions, substance that was discovered or clarified during the depositions may be included in the amended expert report of Dr. Keller.  DR also agrees that documents used in the depositions of Mr. Thompson, Mr. Raeisi, and Mr. Gagliardi, pursuant to the court-ordered deposition of DR, may also be cited and described in the amended expert report of Dr. Keller.  Therefore, DR agrees to the additions that cite information and documents expounded upon or discovered during the depositions.  DR, however, maintains that many of the additions to the amended expert report are not based on these depositions.

DR believes many of the additions in dispute involve a lack of diligence disguised as discovery needed because of depositions, namely late and extensive source code review undertaken after the depositions.  The additions also include opinions on claim construction and scope of infringement beyond that addressed in the court's claim construction and would constitute new grounds in the case.  Further, disputed amendments include new opinions that have no support or citation to deposition testimony or documents used in those deposition, thereby constituting new opinions that DDR fails to show flow from the depositions.  These additions are prejudicial to DR and to the jury as they would present a novel theory of the scope of the invention that involves technical nuances that are likely to confuse and mislead the jury because they are opinions with no factual support and are outside of the court's claim construction.  For example, new opinions of  infringement concerning DR being the merchant of record, flowing from Keller's interpretation that the scope of the invention stops short of processing the sale transaction, contradict Keller's position with regard to other defendants.  Further, addition of new source code never before described, explained, or otherwise attested to as being part of DDR's analysis of the case, after conclusion of the court-ordered depositions,

constitutes prejudice to DR to the extent those descriptions are erroneous, misleading, technically deficient, and irrelevant. In short, DR attempted to compromise with DDR's counsel to allow amendments to the report that were incorporated as a result of the deposition testimony.

DDR's counsel contends the Court gave it an "omnibus right" to supplement  expert reports.  DR believes that DDR's position goes too far and takes unfair advantage of the relief granted by the Court. For example, DDR contends that source code and descriptions of the source code discovered during the 3-day, August 29-31 review, should be allowed under the Court's order on the motion to compel and as reasonable under Rule 26(e). In essence, DDR stated in the meet and confer that the Court's Order gave DDR unfettered ground to amend at will and conduct discovery beyond the Court-ordered depositions.  DR, however, disagrees with this position.  DR believes the Court Order addresses the relief requested in DDR's Motion to Compel, namely the request of additional technical testimony on the DR platforms addressed in the order.  DDR neither requested nor received any relief concerning source code.

DR believes the late DDR's source code investigation and corresponding amendments to the report is new information that constitutes new opinions.  Those additions are prejudicial to DR and the jury as they include one-sided technical descriptions that may be misleading, technically inaccurate, and irrelevant to the extent they offer nuances in operation that are not implicated by either Method 1 or Method 2 of DDR's theory of infringement.  DR is also prejudiced as it has not been allowed to rebut any of the new opinions, new platforms, and new evidence included as a result of either the depositions or DDR's omnibus amendment of all DR accused platforms.  With less than 2 weeks to trial, and limited availability of Dr. Mercer, DR's expert, DR is unfairly prejudiced by having to essentially rewrite a rebuttal expert report to consider evidence that was not part of the depositions.

<u>**ICE/OVS Global Objection to DDR's Amended Expert Report**</u>

**I.      Amended Keller Report**

Defendants ICE/OVS objects to the amended expert report on damages of Arthur Keller ("Amended Keller Report") because the Amended Keller Report adds new opinions regarding completely new infringement theories on the eve of trial.  Keller's original report did not opine that the ICE/OVS American Express ("AMEX") website infringed the '572 and '399 Patents.  In stark contrast, the Amended Keller Report adds thirteen paragraphs discussing the newlyalleged infringement of the '572 Patent and/or the '399 Patent by the ICE/OVS AMEX website.

DDR does not blame this belated addition on any late disclosure or justify it as rebuttal opinion; rather, DDR disingenuously attempts to argue that Dr. Keller's original report actually asserted infringement of the '572 and '399 Patents by the ICE/OVS AMEX website.  Incredibly, DDR can point to only <u>one</u> parenthetical reference to "americanexpress.com" found in the section discussing the '572 patent's "computer processor" limitation.  DDR has not – and cannot – identify any other location in Dr. Keller's report concerning the '572 and '399 patents where he analyzes americanexpress.com.

DDR also tries to justify its changes stating that Chandler "accused AMEX of infringing the '572 and '399 Patents."  Keller's original infringement report does not rely on or cite Chandler's damage report.  Even if it did, Keller cannot rely on the <u>damages expert</u> for his infringement opinion.   The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial and should be struck.

**II.     Amended Chandler Report**

ICE/OVS do not object to the amended expert report on damages of Mark Chandler ("Amended Chandler Report") to the extent it updates the royalty base associated with the

website that ICE/OVS operates on behalf of RCI.  ICE/OVS recognizes that Mr. Chandler is entitled to update his existing opinions based upon additional revenue information provided by ICE/OVS after the disclosure of Mr. Chandler's initial report.

However, ICE/OVS do object to the Amended Chandler Report on the basis of Mr. Chandler's inclusion of a new opinion on damages for the alleged infringement of the '135 patent by ICE/OVS' AMEX website.  Mr. Chandler's initial expert report opined that there was $0 in damages associated with the alleged infringement of the ICE/OVS AMEX site.  The Amended Chandler Report, however, asserts a royalty base in excess of $15 million.  This change in Mr. Chandler's opinion is not the result of any new revenue information.  ICE/OVS objects to the Amended Chandler Report on the limited basis of the inclusion of this new opinion.

ICE/OVS also continues to maintain their other objections to Mr. Chandler's opinion, as described in greater detail in Defendants' Daubert Motion to Exclude Mr. Mark Chandler's Damages Expert Report and testimony (Dkt. 430) and Defendants' Omnibus Motion in Limine.  For example, Mr. Chandler should not be allowed to offer any opinion testimony with respect to the damages associated with the supposed infringement of the '572 and '399 patents by the ICE/OVS AMEX site because Dr. Keller – DDR's own infringement expert – did not opine that the ICE/OVS' AMEX site infringed either of those patents.  The addition of new opinions on damages on the eve of trial is prejudicial and should be struck.

| TABLE 2: Opposed edits | | |
|---|---|---|
| **Paragraph** | **Defendant's Characterization of Edit and Objection** | **DDR's Characterization of Edit and Response to Objection** |
| **KELLER INVALIDITY REPORT** | | |
| | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. Defendants understand that the Office Action that forms the basis of the opinion was sent to DDR's attorney Mr. Hoffman on July 3, 2012. In addition, the opinions offered about an unasserted patent and unasserted claims currently being prosecuted are not relevant and unduly prejudicial. FRE 402, 403. | **Rule 26(e):** Defendants have not explained why they believe DDR's invalidity supplementation is untimely or prejudicial beyond claiming that all supplementation by DDR is prejudicial at this point because responding to it would impact their trial preparation. DDR's invalidity supplementation relates to an office action that DDR received after serving its invalidity report, and was made prior to the Rule 26(e) supplementation deadline. DDR's positions on the relevance of the supplementation are set out in its briefing on the Motion to Strike. |
| **KELLER INFRINGEMENT REPORT** | | |
| **Main** | | |
| 44-59 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter. |

| | | |
|---|---|---|
| | Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| **Appendix 1 - Expedia** | | |
| 2 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarifications and corrections under Rule 26(e): Describes previously identified Travel Now servers as being part of the Travel Now platform. |
| 3 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarifications and corrections under Rule 26(e): Describes previously identified WWTE servers as being part of the WWTE platform. |
| 5-10 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarifications and corrections under Rule 26(e) |
| | | |
| **Appendix 2 - NLG** | | |
| 19 | **Source Code.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). | **Rule 26(e):** Nonprejudicial citations to source code under Rule 26(e) |

| | | |
|---|---|---|
| | DDR has known about NLG-WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | |
| 20 | **Source Code.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

DDR has known about NLG-WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | **Rule 26(e):** Nonprejudicial citations to source code under Rule 26(e) |
| 21 | **Source Code.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). | **Rule 26(e):** Nonprejudicial citations to source code under Rule 26(e) |

| | | |
|---|---|---|
| | DDR has known about NLG-WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | |
| 25 | **Source Code.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).<br><br>DDR has known about NLG-WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | **Rule 26(e):** Nonprejudicial citations to source code under Rule 26(e) |
| 26 | <u>**Source Code.**</u>  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).<br><br>DDR has known about NLG- | **Rule 26(e):** Nonprejudicial citations to source code under Rule 26(e) |

| | | |
|---|---|---|
| | WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | |
| 28 | **New Opinion.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). <br><br> This is an untimely new opinion which is based on information relating to the NLG-WTH websites that DDR has known about during discovery that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |
| 33 | **New Opinion.**  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). <br><br> DDR has known about NLG-WTH's source code since August 9, 2011, over one year | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |

| | | |
|---|---|---|
| | prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | |
| | | |
| **Appendix 3 - Travelocity** | | |
| 4 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |
| 7 | **Source Code Addition.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |
| 8 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 9 | **Source Code Addition.** | **Rule 26(e):** Timely and |

|  | Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | nonprejudicial correction and clarification under Rule 26(e) |
|---|---|---|
| 10 | **Source Code Addition.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial citations to source code under Rule 26(e) |
| 12 | **Source Code Addition.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Addition of "or PostCarRequest.do servlets call" is a timely and nonprejudicial clarification or correction under Rule 26(e) |
| 14 | **Source Code Addition.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial citation to source code under 26(e) |
| 15 | **Source Code Addition.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |
| 20 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under Rule 26(e) |
|  |  |  |
| **Appendix 4 - Digital River** |  |  |
| 2 | **New Opinions:** This comprises new opinions on issues and facts that were available to DDR before the due date for its expert reports.  For example, it quotes a | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts. |

| | | |
|---|---|---|
| | deposition taken in April.  These opinions are not timely.<br><br>Digital River would be prejudiced if this is allowed because it raises issues concerning claim scope and a theory of infringement by DDR that excludes certain scenarios never before disclosed.  Digital River objects to the interpretation inserted here by Dr. Keller.  Digital River would have sought additional claim construction clarification. | Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 3 | **New Opinions:**  This comprises new opinions on claim construction issues and facts that were available to DDR before the due date for its expert report.  These opinions are not timely even if their purpose is for rebuttal.<br><br>Digital River would be prejudiced because these are legal opinions that contradict the agreed claim construction and comprise undisclosed positions on claim interpretation.  To the extent, Dr. Keller offers opinions on claim construction that contradict the current claim construction, these opinions are improper and will confuse the jury. | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 5 | **New Opinions**:  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |

| | | |
|---|---|---|
| | the information is cited. | |
| 8 | **New Opinions:** As explained in Digital River's explanation for its position, we do not agree to this amendment because these facts were available in source code provided to DDR before the deposition. Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 9 | **New Opinions:** As to the portion of this paragraph not agreed to, and as stated in Digital River's explanation for its position, we do not agree to this amendment because these facts were available in source code provided to DDR before the deposition. Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. This paragraph includes infringement allegations never before disclosed. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 10 | **New Opinions:** As to the portion of this paragraph not agreed to, and as stated in Digital River's explanation for its position, we do not agree to this amendment because these facts were available in source code provided to DDR before the deposition. Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. This paragraph includes infringement allegations never before disclosed. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 11 | **New Opinions:** As explained in Digital River's explanation for its position, we do not agree to | **Court-Ordered Deposition:** Supplementation based on |

| | | |
|---|---|---|
| | this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions.  Source code cited was not discussed at all during the depositions.  This paragraph includes infringement allegations never before disclosed. | information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 12 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 15-23 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 26 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 46 | **New Opinions:**  This paragraph includes assertions of | **Court-Ordered Deposition:** |

| | | |
|---|---|---|
| | infringement never before disclosed.  The "additional" Microsoft websites were publicly available and DDR had never before disclosed infringement opinions concerning websites other than Microsoft Office for Mac. | Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 51 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 58 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 71 | **New Opinions:**  This paragraph includes assertions of infringement never before disclosed.  The "additional" Microsoft websites were publicly available and DDR had never before disclosed infringement opinions concerning websites other than Microsoft Office for Mac. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| | | |
| **Digital River Second Supplemental Report** | | |
| 13 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to these amendment because these | **Court-Ordered Deposition:** Supplementation based on information learned from |

| | | |
|---|---|---|
| | facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions.  Source code cited was not discussed at all during the depositions.  This paragraph includes infringement allegations never before disclosed. | Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 14 | **New Opinions:**  As explained in Digital River's explanation for its position, we  do not agree to this amendment because these facts were available in source code provided to DDR before the deposition.  Further, these facts do not appear to have been obtained through or because of the depositions as no source for the information is cited. | **Court-Ordered Deposition:**  Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 16-17 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions.  The information added was disclosed in documents produced well before the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:**  Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 18-19 | **New Opinions:**  Digital River does not take issue with the portions in this paragraph that cite deposition testimony.  The remainder of this paragraph, however, cites source code requested during the August 29-31 source code review.  The cited source code is not mentioned in any deposition. | **Court-Ordered Deposition:**  Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 20 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered | **Court-Ordered Deposition:**  Supplementation based on |

| | | |
|---|---|---|
| | depositions.  The information added here comes source code requested during the August 29-31 source code review and source code that was produced well before the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 22 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions.  The information added was disclosed in documents produced well before the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 28-30 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions.  In fact, previous report indicated that additional source code review would be conducted without any indication that such review resulted from the court-ordered depositions.  These are new opinions on a platform that was included in original report and citing source code requested during the August 29-31 source code review.  The cited source code is not mentioned in any deposition. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 32 | **New Opinions:**  These are new opinions citing source code requested during the August 29-31 source code review.  The cited source code is not mentioned in any deposition. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |

| 35 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions.  The information added was disclosed in source code produced well before the depositions and publicly accessible.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17. |
|---|---|---|
| 45 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions or documents used at the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 53 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions or documents used at the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 64 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions or documents used at the depositions.  We do not believe this information was added based on those depositions, but merely because of a lack of diligence. | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as a result. |
| 78 | **New Opinions:**  These constitute additions that do not cite any of the court-ordered depositions or documents used at the depositions.  We do not believe this information was added based on those depositions, but merely because | **Court-Ordered Deposition:** Supplementation based on information learned from Court-ordered 30(b)(6) deposition on August 16-17, and/or additional code or documents identified as |

| | of a lack of diligence. | a result. |
|---|---|---|
| | | |
| **Appendix 5 - ICE/OVS** | | |
| 7 | **New Opinions** New opinion that should be struck because it changes Keller's original opinion on how the ICE/OVS system operates. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under 26(e) |
| 8(a) | **New Opinions** New opinion that should be struck because it changes Keller's original opinion on how the ICE/OVS system operates. | **Rule 26(e):** Timely and nonprejudicial correction of an omission under 26(e) |
| 8(b) except for introductory sentence | **New Opinions** New opinion that should be struck because it changes Keller's original opinion on how the ICE/OVS system operates. | **Rule 26(e):** Timely and nonprejudicial correction of an omission under 26(e) |
| 9(b) –(e) | **New Opinions** New opinion that should be struck because it changes Keller's original opinion on how the ICE/OVS system operates. | **Rule 26(e):** Timely and nonprejudicial correction and clarification under 26(e) |
| 13 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
| 15-17 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX |

| | Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents. Chandler – DDR's damages expert – cannot opine about infringement. The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
|---|---|---|
| 18 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report. As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents. Chandler – DDR's damages expert – cannot opine about infringement. The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
| 22-23 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |
| 29 | **New Opinions** New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringing the '572 and '399 Patents. The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e). DDR does not believe this expands infringement. |
| 30 | **New Opinions** New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringing the '572 and '399 | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts. |

| | | |
|---|---|---|
| | Patents.  The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites.

Defendants disagree with DDR on its offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.

DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 32 | **New Opinions** New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringing the '572 and '399 Patents.  The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e). DDR does not believe this expands infringement. |
| 36 | **New Opinions** New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringing the '572 and '399 Patents.  The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e). DDR does not believe this expands infringement. |
| 45 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's |

| | | |
|---|---|---|
| | and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial.<br><br>New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringingthe '572 and '399 Patents.  The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites. | briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections.  Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010.  DDR does not believe this expands infringement. |
| 46 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement. The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e), including citations to source code.  Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
| 47 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |

| | | |
|---|---|---|
| 48 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.<br><br>Defendants disagree with DDR on its offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 52 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010. |
| 54 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |

| | | |
|---|---|---|
| 57 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e).  Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections.  Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010. |
| 59 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e).  Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections.  Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010. |
| 60 | **New Opinions** New opinion that should be struck because it | **Rule 26(e):** Timely and nonprejudicial correction |

| | | |
|---|---|---|
| | asserts new infringement theories not disclosed in Keller's Original Report. | of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
| 61 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 64 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but |

| | | |
|---|---|---|
| | | Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010. |
| 66 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. <br><br> New opinion that should be struck because Keller's Original Report, accused RCITravel.com of infringing the '572 and '399 Patents.  The changes in Keller's Amended Report expand the infringement allegation to an unknown number of "RCI Travel" websites. | Timely and nonprejudicial correction of an omission and clarification under 26(e).  Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections.  Further, DDR clarified the time period for RCI Travel due to confusion on the part of ICE/OVS's infringement expert, but Chandler has always accused RCI Travel's website of infringing this patent for the entire time period of 2006-2010.  DDR does not believe this expands infringement. |
| 67 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report. | **Rule 26(e):** Timely and nonprejudicial citation to underlying source code under 26(e) |
| 69 | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report. <br><br> Defendants disagree with DDR on its offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts. <br><br> Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter. |

| | expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
|---|---|---|
| Add'l figures for AMEX | **New Opinions** New opinion that should be struck because it asserts new infringement theories not disclosed in Keller's Original Report.  As explained in Defendants' briefing, Keller's Original Report did not opine that AMEX infringed the '572 and '399 Patents.  Chandler – DDR's damages expert – cannot opine about infringement.  The addition of new infringement allegations and opinions on the eve of trial is clearly prejudicial. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e).  Chandler accused AMEX of infringing the '572 and '399 Patents and as explained in DDR's briefing, DDR included citations to AMEX in other portions of the '572 and '399 sections. |
| | | |
| **CHANDLER REPORT** | | |
| 10 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>This is a new opinion to the extent Mr. Chandler is now asserting damages against ICE/OVS for infringement of the '135 patent.  Mr. Chandler's original report opined that there was $0 damages for ICE/OVS' alleged infringement of the '135 patent. | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e).  Keller accused AMEX of infringing all three Patents, and Defendants do not dispute that Keller clearly accused AMEX of infringing the '135 Patent. |
| 11 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices | **Rule 26(e):** Timely and nonprejudicial correction of an omission and clarification under 26(e). |

| | | |
|---|---|---|
| | Defendants in preparation for their case at trial.<br><br>This is a new opinion to the extent Mr. Chandler is now asserting damages against ICE/OVS for infringement of the '135 patent.  Mr. Chandler's original report opined that there was $0 damages for ICE/OVS' alleged infringement of the '135 patent. | Keller accused AMEX of infringing all three Patents, and Defendants do not dispute that Keller clearly accused AMEX of infringing the '135 Patent. |
| 47 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 48 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |
| 51 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |
| 54-55 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' |

| | | |
|---|---|---|
| | that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 56 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree on DDR's understanding of the agreement made as to Defendants' MIL No. 1. Defendants sought and DDR agreed to not present untimely disclosed opinions regarding the Mercado license at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | DDR believes this is subject to an agreed motion in limine not to discuss Mercado, but Defendants disagree with DDR's interpretation of that motion in limine.<br><br>**Rule 26(a)(2)(D)(ii):** Notwithstanding the foregoing, this is timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 57-58 | **New Matter.** Contains untimely | **Rule 26(e):** |

| | | |
|---|---|---|
| | new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Prior to serving Chandler's original report, DDR was aware of the substance of Del Ross, Sr.'s deposition, and in any event Mr. Ross is DDR's representative and DDR could have obtained the information outside of a deposition. | Supplementation because DDR did not receive transcripts from court reporter until mid-June. Chandler could not quote the transcript until he received it one month after serving his original report. |
| 60-61 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>Defendants disagree on DDR's understanding of the agreement made as to Defendants' MIL No. 1. Defendants sought and DDR agreed to not present untimely disclosed opinions regarding the Mercado license at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | DDR believes this is subject to an agreed motion in limine not to discuss Mercado, but Defendants disagree with DDR's interpretation of that motion in limine.<br><br>**Rule 26(a)(2)(D)(ii):** Notwithstanding the foregoing, this is timely rebuttal to material raised by Defendants' experts.<br><br>Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 62-64 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices | **Rule 26(a)(2)(D)(ii):** Timely rebuttal to material raised by Defendants' experts. |

| | | |
|---|---|---|
| | Defendants in preparation for their case at trial.<br><br>Defendants disagree with DDR on their offer. Reserving these opinions for rebuttal at trial is not permissible. Consistent with Agreed MIL No. 16 [D.I. 460], expert opinions not properly disclosed in that expert's report may not be solicited at trial during case-in-chief or in rebuttal. | Do not believe there is any prejudice from including as Defendants' expert has already opined on the matter.<br><br>DDR has offered not to discuss such rebuttal points in its case in chief and to only bring up such topics and evidence in its rebuttal to the extent that Defendants' do so themselves.  Defendants have declined this offer. |
| 112 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |
| 116 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e) |
| 121 | <u>**New Opinion.**</u>  Rule 26(e)(1) provides that supplementation is proper only "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).<br><br>DDR has known about NLG-WTH's source code since August 9, 2011, over one year prior to its supplementation. This is an untimely new opinion relating to source code that should have been disclosed in DDR's initial report.  It would | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e). |

| | | |
|---|---|---|
| | be unfairly prejudicial to NLG-WTH to obtain rebuttal testimony at this late stage on the eve of trial when NLG-WTH should be focusing its efforts on trial preparation. | |
| 122 | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial.<br><br>New opinion.  Mr. Chandler's original report did not assert any damages associated with IC/OVS' alleged infringement of the '135 patent | **Rule 26(e):** Timely and nonprejudicial correction under 26(e).  ICE/OVS should have been on notice as to the discrepancy between Keller's report |
| Figure 13A | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e), Keller accused United.com of infringing '135 |
| Figure 13B | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e), Keller accused United.com of infringing '135 |
| Figure 14A | **New Matter.** Contains untimely new opinion and/or bases for opinion, provided at a late time that unfairly prejudices Defendants in preparation for their case at trial. | **Rule 26(e):** Timely and nonprejudicial clarification and correction under 26(e), Keller accused AAA Washington and Cheapfares of infringing the '135 |
| Figures 16A & B | **New Matter** This is a new opinion to the extent Mr. Chandler is now asserting damages against ICE/OVS for infringement of the '135 patent. Mr. Chandler's original report | **Rule 26(e):** Timely and nonprejudicial clarification corrections under 26(e), Keller accused AMEX of infringing the '135 |

| | opined that there was $0 damages for ICE/OVS' alleged infringement of the '135 patent. | |
|---|---|---|

Respectfully submitted,

/s/ *LeElle Krompass*
Ophelia F. Camiña
Texas Bar No. 03681500
LeElle Krompass
Texas Bar No. 24074549
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone:  214.754.1900
Facsimile:  214.754.1933
Email:  ocamina@susmangodfrey.com

Ian B.Crosby
Washington Bar No. 28461
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: 206.516.3861
Facsimile: 206.516.3883
Email: icrosby@susmangodfrey.com

Louis J. Hoffman
AZ Bar #009722 *(Pro Hac Vice)*
LOUIS J. HOFFMAN, P.C.
14301 North 87th Street, Suite 312
Scottsdale, Arizona 85260
Telephone: 480.948.3295
Facsimile: 480.948.3387
Email: louis@valuablepatents.com

Michael C. Smith
Texas Bar # 18650410
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, TX 75671
Telephone: 903.938.8900
Facsimile: 972.767-4620
Email: michaelsmith@siebman.com

ATTORNEYS FOR PLAINTIFF
DDR HOLDINGS, LLC

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Plaintiff DDR Holdings LLC has conferred with counsel for Defendants on September 21, 2012 and counsel for Defendants jointly file this motion.

 /s/ *LeElle Krompass*
LeElle Krompass

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on the September 21, 2012.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system and in addition has been served electronically pursuant to the Electronic Service Agreement.

/s/ *LeElle Krompass*
LeElle Krompass