UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DDR HOLDINGS, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CASE NO. 2:06-CV-42-JRG** |
| | § | |
| **HOTELS.COM, L.P., et al.,** | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion for Partial Summary Judgment of Non-Infringement of Claim 8 of the '135 Patent.  (Dkt. No. 402.)  After carefully considering the parties' written submissions, the Motion is **DENIED**.

## I.      BACKGROUND

On January 31, 2006, DDR brought this suit against various Defendants alleging infringement of U.S. Patent Nos. 6,629,136 ("the '136 patent"), 6,993,572 ("the '572 patent") and 7,818,399 ("the '399 patent"), which relate to e-commerce outsourcing.  Relevant to this motion, DDR alleges that the Defendants infringe claim 8 of the '135 patent, which describes an Internet e-commerce outsourcing system in which an outsource provider acts as an intermediary between two other parties: a host operating website and a merchant selling products.  The outsource provider serves web pages that include products offered by the merchants and that automatically mimic the "look and feel" of the host website.  In full, claim 8 of the '135 patent recites:

---

[1] The Defendants are Expedia, Inc.; Hotels.com, L.P.; Travelocity.com, L.P.; Site59.com, LLC; International Cruise & Excursion Gallery, Inc.; OurVacationStore.com, Inc.; and Digital River, Inc. (collectively, the "Defendants").

> An e-commerce outsourcing process providing a host website in communication with a visitor computer with context sensitive, transparent e-commerce support pages, comprising the steps of:
>
> a) capturing a look and feel description associated with a host website;
>
> b) providing the host website with a link for inclusion within a page on the host website for serving to a visitor computer, wherein the provided link correlates the host website with a selected commerce object; and
>
> c) upon receiving an activation of the provided link from the visitor computer, serving to the visitor computer an e-commerce supported page with a look and feel corresponding to the captured look and feel description of the host website associated with the provided link and with content based on the commerce object associated with the provided link.

*See* '135 Patent, Claim 8.  DDR contends that the claimed invention improves on the prior art because a website visitor to the host website can receive the impression that he or she remains at the host website while shopping for the merchant's products, even though the web pages are actually served by the outsource provider.  (Dkt. No. 402, at 1.)

Defendants advance two independent non-infringement positions with regard to claim 8 of the '135 patent.  *First*, Defendants contend that according to DDR's infringement theory, a website visitor is the party that performs the capturing step of claim 8. (Dkt. No. 402.) Defendants believe that, under this theory, there can be no direct infringer as a matter of law because the Defendants perform some steps of claim 8, while the website visitor performs the capturing step.  *Id*.  *Second*, Defendants contend that it is "undisputed that the Defendants' accused systems perform the steps of claim 8 in a different order than required and directly contrary to the patent's teachings."  *Id*.  According to Defendants, there is no dispute that the "capturing step" (capturing a look and feel description) is not performed before the "serving step" (serving to the visitor computer an e-commerce page with a look and feel corresponding to

2

the captured look and feel description).  *Id*.  DDR responds that both of the Defendants' non-infringement arguments should be rejected because they involve substantial factual disputes that can only be resolved by a jury at trial.  (Dkt. No. 417.)

## II.     Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Any evidence must be viewed in the light most favorable to the nonmovant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).   Summary judgment is proper when there is no genuine issue of material fact.  *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).   "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."   *Anderson*, 477 U.S. at 247-48.   The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment.  *Id.* at 248.   A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

## III.    ANALYSIS

### A.  *Whether Defendants' Capture the "Look and Feel" Description Associated With the Host Website (the "Capturing Step")*

DDR's infringement expert, Dr. Keller, opines that the capturing step is met in the following way: "[t]he look and feel descriptions associated with the host website are the CSS files captured by the **visitor's browser**."  (Keller Report at App. 1, ¶ 28; *see also* Dkt. No. 402, at 11) (emphasis added.)   Defendants contend that this theory, even accepted as true, precludes a

finding of direct infringement because it relies on the ***website visitor***, rather than the ***Defendant***, to perform the capturing step. (Dkt. No. 402, at 13.) According to Defendants, because the website visitor's computer is doing the retrieving, the Defendant is not the party obtaining the CSS file. *Id.* Defendants argue that there can be no direct infringement of claim 8 if the website visitor is a third-party that is not controlled or directed by the Defendant. *Id.*

DDR responds that each of the Defendants is the sole infringer of the claims (and thus the party that performs the capturing step), because each Defendants ***directs*** a website visitor's ***browser*** to perform the capturing step. (Dkt. No. 417, at 1.) According to DDR, under this theory, Defendants perform the capturing step by "using the visitor's browser like a tool":

> Defendants use the visitor's website browser like a tool. The Defendants' servers send instructions to the visitor's browser to force it to locate the CSS files on the Defendants' servers and then send the CSS "look and feel" data to the browser. To make that step happen, the visitor does not need to do anything at all – the visitor does not need to configure his browser in a certain way, request the data in a CSS file, accept a download, agree to use a particular browser band, or do anything else. As an analogy, suppose Amanda borrowed Barry's car to drive Barry to the doctor. Barry is sitting in his car and he's going to the doctor, but we would never say that Barry drove himself to the doctor just because he owns the car. No, Amanda had complete control of the car, so we say that Amanda drove Barry to the doctor. That she doesn't own the car and isn't controlling Barry's movements has nothing to do with whether she drove the car. Here, Defendants are "driving" the visitor's browser to receive the data in the CSS files, and the website visitors are just along for the ride.

(Dkt. No. 466, at 3.)

The Court is persuaded that there is a genuine dispute of material fact as to which party (Defendants or the website visitor) performs the capturing step of claim 8 of the '135 patent. Accepting DDR's contention as true – that the Defendants' servers force the visitor's browser to locate the CSS files – would support a finding that Defendants, and not the website visitors,

perform the capturing step of claim 8.  At a minimum it raises a fact question which precludes summary judgment.

Defendants' arguments citing the Federal Circuit's recent decision in Akamai ring hollow.  (Dkt. No. 443, at 3) (citing *Akamai Tech. v. Limelight Networks*, No. 2009-1372 et al, 2012 WL 3764695, *3 (Fed. Cir. Aug. 31, 2012.)  The relevant question here is not (as in *Akamai*) whether it is possible for two distinct and independent entities to jointly infringe a method claim by performing different steps of the same claim (they cannot), but rather whether it is the Defendants or the website visitor that actually performs the capturing step.  This is a question of disputed fact that should only be resolved by the trier of fact; in this case, the jury.

### B. *Whether Defendants' Practice the Steps of Claim 8 of the '135 Patent in the Order Required for Infringement*

 Both parties agree that Claim 8's step of "capturing the look and feel of the host website" (the "capturing step") must come before the step of "serving to the visitor computer an e-commerce supported page with a look and feel corresponding to the captured look and feel description" (the "serving step").  (Dkt. Nos. 402, at 16 and 417, at 7.)  However, the parties differ as to what it means for one step to come "before" another.  Defendants contend that the capturing step must be completed and finished ***before*** the serving step can ***begin***.  (Dkt. No. 402, at 16.)  DDR, on the other hand, responds that claim 8 is infringed so long as the capturing step is ***completed*** before the serving step ***finishes***.  (Dkt. No. 417, at 7.)  This would be the case even where "capturing" is going on at the same time as "serving," so long as the capturing step is completed before the serving step is complete.  The parties' dispute arises from Dr. Keller's infringement report, which opines that "the capturing step need not precede beginning of the serving step.  Rather, the capturing step need only be completed prior to the **completion** of the serving step in order for the captured look and feel description to be used to serve the page."

(Dkt. No. 466, Ex. A ¶ 46) (emphasis in original.)   Ultimately, this is a "fundamental dispute regarding the scope of a claim term," and the Court has a duty to resolve the dispute.  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362-62 (Fed. Cir. 2008).

Defendants contend that their proposed construction (that the capturing step must be completed before the serving step begins) is supported by the '135 Patent specification:

> The <u>present invention</u> is directed to an e-commerce outsourcing system and method that provides hosts with transparent, context sensitive e-commerce support pages.  The look and feel of a target host is captured <u>for future use</u>.  The look and feel is captured by receiving the identification of an example page on the target host, retrieving the page, identifying the look and feel elements of the identified page and storing the identified element."

(Dkt. No. 402, at 18-19) (citing '135 Patent, at Abstract.)  Defendants argue that the Summary of the Invention further details the outsource provider's intended future use of the captured "look and feel":

> According to the <u>present invention</u>, the look and feel of each participating Host is captured and stored.  Hosts may include links to selected products or product categories within pages residing on the Hosts' website … The look and feel elements … are stored <u>for future use in generating</u> outsourced transparent pages, <u>pages served by a server</u> other than the host…"

(Dkt. No. 402, at 19) (citing '135 patent, col. 3:16-21.)  Defendants contend that the patent specification clearly identifies that the purpose of capturing the "look and feel" of each host website is to store the look and feel for the intended future use of serving the e-commerce page with such look and feel.  (Dkt. No. 442, at 8-9.)  Further, Defendants point to the language of claim 8 itself, which describes "serving … an e-commerce supported page with a look and feel corresponding to the captur<u>***ed***</u> look and feel description of the host website."  (Dkt. No. 443.)  At its core, Defendants argument relies on the premise that the specification and the claims are

limited to a process in which the "look and feel" is: (1) completely captured; (2) stored; and only then (3) served at a later time.

DDR responds that neither the claims, nor the specification, "say a single word requiring such strict sequencing." (Dkt. No. 455.)  Rather, DDR contends that it would be possible to infringe claim 8 if a Defendant "starts serving a page, captures the look and feel, then finishes serving the page." (Dkt. No. 466.)  According to DDR, the critical inquiry with regard to the timing of the steps is whether the capturing step *finishes* before the serving step *finishes*. *Id*. DDR notes that Defendants' non-infringement position relies heavily on importing the concept of capturing *and storing* the look and feel for later use.  However, it is significant that claim 8 does not refer to the term "storage" at all.  (Dkt. No. 417, at 8.)  Relying upon the concept of claim differentiation, DDR argues that because the term "storage" is not included in claim 8, but is found in claims 1 and 17, claim 8 necessarily has a broader scope than the Defendants' proposal regarding "storage" and "capturing for <u>future</u> use." (Dkt. No. 417, at 7-8.)

The Court agrees with DDR.  Claim 8 is not directed "storing" or "future use" and the Defendants' arguments regarding such concepts are an improper attempt to import limitations into the claim.  The plain language of claim 8 is this Court's best guide, and it requires the page that Defendants serve contain a look and feel that has been "captured" by the time the final page is served.  The Court therefore expressly **REJECTS** Defendants' argument, as a matter of claim construction, that the "capturing step" must be *completed* before the "serving step" *begins*. Rather, the proper limit on the claims is that the "capturing step" must be *completed* before the "serving step" is *completed*.  The "serving step" may begin prior to the beginning of the "capturing step" and such is not a defense to infringement, so long as the "captured" look and feel is complete prior to completion of the "serving step."  The claim language does not focus on

when these steps begin but rather looks to when they end in relation to each other.  As long as the capturing step is completed before the serving step is finished claim 8 can be infringed

## IV.    CONCLUSION

Having carefully considered the parties' written submissions, the Court finds there are genuine disputes of material fact which must be decided by the jury and not the Court as to whether or not the Defendants alone complete the capturing step.  Further, the Court finds that Defendants present a question of law as to the construction of claim 8, but their construction is in error and does not support granting summary judgment in their favor.  Accordingly, Defendants' Motion for Partial Summary Judgment of Non-Infringement of Claim 8 of the '135 Patent is **DENIED**.

So ORDERED and SIGNED this 28th day of September, 2012.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE