IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DDR HOLDINGS, LLC** § | |
| § | |
| *Plaintiff and Counterdefendant,* § | |
| § | CIVIL ACTION NO. 2:06-cv-42-JRG |
| v. § | |
| § | |
| **HOTELS.COM, L.P., et al.** § | |
| § | |
| *Defendants and Counterclaimants.* § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Plaintiff DDR Holdings, LLC's ("DDR") Motion for Entry of Judgment. (Dkt. No. 538.) Having considered the parties' written submissions, the Court **GRANTS** DDR's Motion as set forth below. The Court has separately entered a Final Judgment contemporaneously herewith, consistent with the findings and holdings of this Opinion.

### II. FACTS & PROCEDURAL BACKGROUND

On October 12, 2012, following a week-long trial, the jury returned a verdict in favor of DDR, finding that Digital River, Inc. ("Digital River") had infringed claims 13, 17 and 20 of United States Patent No. 6,993,572 ("the '572 Patent") and awarding DDR $750,000.00 in damages. The jury also found that Defendant National Leisure Group, Inc. and World Travel Holdings, Inc. ("NLG/WTH") infringed claims 13, 17 and 30 of the '572 Patent, as well as claims 1, 3 and 19 of United States Patent No. 7,818,399 ("the '399 Patent") and awarded damages to DDR of $750,000.00. The jury further determined that claims 13, 17 and 20 of the '572 Patent were not invalid.

## III. DISCUSSION

### A. Prejudgment Interest

The parties dispute whether pre-judgment interest should be awarded in DDR's favor and, if so, in what amount. DDR contends that it is entitled to prejudgment interest from both Defendants beginning from the date of the parties' hypothetical negotiation calculated at the average prime rate (4.83%), compounded annually. (Dkt. No. 538, at 3.) Digital River contends that (1) DDR is entitled to prejudgment interest at the statutory, not the prime, rate; (2) that DDR is not entitled to prejudgment before 2010; and (3) that DDR is not entitled to prejudgment interest during the four-year stay of this litigation during a USPTO reexamination of the asserted patents. (Dkt. No. 545.) NLG/WTH joins in Digital River's opposition, and further asserts that DDR is not entitled to prejudgment interest because "DDR is a non-practicing entity and should not be entitled to prejudgment interest." (Dkt. No. 543.)

Upon a finding of patent infringement, "the court shall award patent damages … together with interest and costs as fixed by the court." 35 U.S.C. § 284. Prejudgment interest should be awarded under Section 284 absent some justification for withholding such an award. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983); *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378 (Fed. Cir. 2010). The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty instead of infringing. *Beatrice Foods v. New England Printing*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

*1. Prejudgment Interest Begins at the Date of the Hypothetical Negotiation*

The first question the Court must resolve in determining the issue of pre-judgment interest is the date when pre-judgment interest should begin to accrue. DDR contends that such date should be January 31, 2006, which was the date of the hypothetical negotiation as set by Defendants' joint damages expert. (Dkt. No. 531, at 12-13) ("And that's the opinion I have with respect to the payment structure that the parties would have agreed to, if they had gotten together and negotiated a license earlier in time, in [January] 2006, during … a hypothetical negotiation.")

Digital River argues, however, that the date of the parties' hypothetical negotiation is immaterial, because DDR's damages expert based his damages model against Digital River upon accused products sold only from 2010 to 2012. (Dkt. No. 545.) Digital River contends that DDR is precluded from obtaining prejudgment interest from 2006 to 2012, when DDR's expert only calculated damages based on revenue from *2010* to 2012. *Id*.

In this case, the Court instructed the jury to award damages running from the date of the hypothetical negotiation, which in this case was agreed to by all parties to be January 31, 2006. As Digital River's damages expert testified at trial, "you kind of need the hypothetical negotiation to happen right around the time of the ***alleged first infringement***, because that's the time when whoever's accused of using the technology or the teachings of the patents-in-suit would have needed a license … And that would be in ***January 2006*** …" (Dkt. No. 531, at 15) (emphasis added). Although DDR's expert presented Digital River from only 2010 to 2012, the jury was clearly instructed to award DDR a "royalty payment that a patent holder and the infringer … would have agreed to in a hypothetical negotiation taking place at a time period just prior to when the infringement first began." (Dkt. No. 532, at 61-62.) Thus, the jury's $750,000.00 damages

3

award constituted an award to DDR for Digital River's infringement occurring just prior to the first infringement; in this case, January 2006.

### 2. DDR is Entitled to Prejudgment Interest During the Time-Period that this Case was Stayed Pending Reexamination

Both Digital River and NLG/WTH argue that, regardless of the time when prejudgment interest begins to accrue, DDR is not entitled to prejudgment interest during the four year stay of this case while the asserted patent claims were undergoing reexamination at the USPTO. (Dkt. No. 545, at 4); (Dkt. No. 543, at 2.) Specifically, the Defendants ask this Court to toll the prejudgment interest from December 19, 2006 (the date this Court granted DDR's motion to stay the litigation) to October 6, 2010 (the date this Court granted DDR's motion to reopen the case). (Dkt. No. 178, 194.)

Defendants acknowledge that Court's customarily decline to toll prejudgment interest while re-examination proceedings are pending, but argue that the present case is distinguishable because: (1) the party seeking to recover prejudgment interest (DDR) is the party that initiated the re-examination proceedings; (2) DDR initiated the re-examination proceedings voluntarily and unilaterally; (3) DDR is the party that moved to stay the litigation; (4) Digital River opposed the stay of the litigation; and (4) the re-examination proceeding stayed the litigation for four year, a period longer than the parties actually spent litigating the case; and (5) the re-examination proceeding did not result in the narrowing of any issues in the litigation. (Dkt. No. 545, at 5) (Dkt. No. 543, at 2-5.)

Withholding prejudgment interest "is the exception, not the rule." *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (1988). Defendants do not cite one case where another Court has denied a plaintiff's motion for prejudgment interest during the period of reexamination. At

best, Defendants cite to cases that suggest that a Court may deny prejudgment interest for undue delay. But at least one other District Court, in a case directly on-point, has expressly ruled that a Plaintiff-initiated reexamination does not constitute undue delay with regard to the prejudgment interest inquiry:

> In this case … Plaintiff sought the stay and Defendant opposed it. However, just as in *Allen*, the stay conserved judicial and attorney resources. Had the reexamination resulted in the rejection of the claim in question, Krippelz would have had to narrow or cancel the claim, or appeal the decision of the reexamination, and the litigation would have taken a different track or come to an end. Even though Krippelz 'caused' the delay by requesting a stay, because the stay conserved the resources of the parties and the court, it was neither unreasonable nor unjustified. For this reason, prejudgment interest should be awarded for the period during with the case was stayed.

*See Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 815, 819-20 (N.D. Ill. 2009). The Court agrees with the analysis in *Krippelz*, the reexamination conserved judicial and party resources and it was not unreasonable or unjustified for DDR to seek a stay. For at least this reason, the Court declines to toll accrual of prejudgment interest during the reexamination of the claims.

### 3. *DDR's Status as a Non-Practicing Entity Does Not Preclude an Award of Prejudgment Interest*

NLG/WTH contends that "DDR is a non-practicing entity and should not be entitled to prejudgment interest." (Dkt. No. 543, at 4.) NLG/WTH does not cite to *any* case law to support its position, but rather argues that "any damage DDR has sustained has been addressed through the jury award, and adding prejudgment interest to such an award would give DDR, a non-practicing entity, a windfall. (Dkt. No. 543, at 4.) After reviewing the parties' written submissions, the Court finds no justification or basis to support NLG/WTH's argument that DDR should be precluded from an award of prejudgment interest because it is a non-practicing entity.

*4. Prejudgment Interest is Calculated Using the Prime Rate*

Prejudgment interest on the actual damages assessed against Digital River and NLG/WTH shall be paid from the date of the hypothetical negotiation calculated at the average prime rate (4.83%), compounded annually.

### B. Post-Judgment Interest

The parties agree that post-judgment interest should be set, pursuant to 28 U.S.C. §1961(a), at the statutory rate. The Court concurs.

### C. Costs

DDR argues that, as the prevailing party in this litigation, it is entitled to costs consistent with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. The Defendants do not oppose this request. Therefore, the Court awards costs to DDR.

### IV. Conclusion

A consistent Final Judgment is entered contemporaneously herewith.

**So Ordered and Signed on this**

**Jun 20, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE