# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DDR HOLDINGS, LLC** § | |
| § | |
| *Plaintiff and Counterdefendant,* § | |
| § | CIVIL ACTION NO. 2:06-cv-42-JRG |
| v. § | |
| § | |
| **HOTELS.COM, L.P., et al.** § | |
| § | |
| *Defendants and Counterclaimants.* § | |

## JUDGMENT

A jury trial commenced on October 8, 2012. The jury returned a unanimous verdict on October 12, 2012. Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict, the Court hereby renders the following Judgment:

1. The jury having determined that Defendant Digital River, Inc. ("Digital River") infringed claims 13, 17, and 20 of U.S. Patent No. 6,993,572 ("the '572 Patent"); and the jury having determined that those same claims of the '572 Patent are not invalid; and the jury having awarded damages of $750,000.00 to DDR for Digital River's infringement through October 12, 2012; it is **ORDERED** that DDR have and recover from Digital River the sum of Seven Hundred and Fifty Thousand Dollars ($750,000.00) as compensatory damages for infringement through October 12, 2012 in this case;

2. The jury having determined that Defendants National Leisure Group, Inc. and World Travel Holdings, Inc. ("NLG/WTH") infringed Claims 13, 17, and 20 of the '572 Patent and Claims 1, 3, and 19 of U.S. Patent No. 7,818,399 ("The '399 Patent); and the jury having determined that those same claims of the '572 Patent are not invalid; and

the jury having awarded damages of $750,000.00 to DDR for NLG/WTH's infringement through October 12, 2012; it is **ORDERED** that DDR have and recover from NLG/WTH the sum of Seven Hundred and Fifty Thousand Dollars ($750,000.00) as compensatory damages for infringement through October 12, 2012 in this case;

3. Pursuant to 35 U.S.C. § 284, the Court awards DDR an additional Two Hundred Eighty-One Thousand, Four Hundred and Four Dollars ($281,404.00) in pre-judgment interest from Digital River, based upon the average prime interest rate of 4.83% as calculated and applying from the date the damages for infringement should have been paid, January 31, 2006, through October 31, 2012, compounded annually. Accordingly, the total damages awarded to DDR from Digital River is One Million, Thirty-One Thousand, Four Hundred and Four Dollars ($1,031,404.00), plus an additional amount at the per diem rate of One Hundred Thirty-One Dollars and Seventy-One Cents ($131.71) per day beginning on November 1, 2012, through the entry of this Judgment.

4. Pursuant to 35 U.S.C. § 284, the Court awards DDR an additional Two Hundred Eighty-One Thousand, Four Hundred and Four Dollars ($281,404.00) in pre-judgment interest from NLG/WTH, based upon the average prime interest rate of 4.83% as calculated and applying from the date the damages for infringement should have been paid, January 31, 2006 through October 31, 2012, compounded annually. Accordingly, the total damages awarded to DDR from NLG/WTH is One Million, Thirty-One Thousand, Four Hundred and Four Dollars ($1,031,404.00), plus an additional amount at the per diem rate of One Hundred Thirty-One Dollars and

Seventy-One Cents ($131.71) per day beginning on November 1, 2012, through the entry of this Judgment.

5. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, the Court finds that DDR is the prevailing party in this matter and is entitled to costs consistent therewith.

6. Pursuant to 28 U.S.C. § 1961, the Court awards DDR post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the entry of this Judgment until paid.

**So Ordered and Signed on this**

**Jun 20, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE